## T. B. DUNCAN et al., Appellants, v. J. L. HILLS, Respondent.

St. Louis Court of Appeals.    Argued and Submitted February 8 1911.  Opinion Filed March 4, 1911.

1. TRIAL PRACTICE: Conflicting Evidence: Question for Jury. Where the testimony is contradictory on every fact material in the cause, the case is one for the jury.

2. REAL ESTATE BROKERS: Instructions: Non-direction. In an action by a real estate broker for compensation, instructions given for defendant were not erroneous in omitting to place before the jury the alleged fact that defendant had promised to pay after the deal had been consummated, since, if plaintiff desired an instruction on this line, it was his duty to ask for it; the instructions, as given, in no manner excluding it.

3. ———: Right to Compensation: Procuring Cause of Sale. Where a real estate broker is the proximate and procuring cause of a sale being made, he is entitled to his commission, but he is entitled to it only when he is the active and procuring cause in effecting the sale of the particular piece of property which he is employed to sell.

4. ———: ———: ———: Question for Jury. In an action by a real estate broker for compensation, *held*, a question for the jury whether the particular land in question was sold through the efforts and instrumentality of plaintiff.

5. ———: ———: ———. The fact that a real estate broker, in an effort to sell a certain tract, introduced a prospective purchaser to his principal would not entitle him to compensation because of a subsequent sale of another tract by the principal to such purchaser.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

. AFFIRMED.

*P. H. Cullen* and *F. R. Jesse* for appellants.

(1) All the instructions given for defendant are erroneous because they exclude the theory that defendant promised to pay plaintiffs after the deal was consummated. Bell v. Electric Co., 125 Mo. App. 660; Bolles v. Railroad, 134 Mo. App. 704; Toncrey v. Metropolitan, 129 Mo. App. 600. (2) There was no evidence in the case tending to show that plaintiffs had ceased in their efforts to effect a sale and the defendant's instruction submitting that issue is not based on any evidence. State v. Edwards, 203 Mo. 528; Wise v. Railroad, 135 Mo. App. 246. (3) The instructions are in direct conflict. Plaintiffs' instruction authorizes a verdict for plaintiff even though the particular tract of land was not mentioned, while those for defendant direct a verdict for defendant unless the plaintiff had in mind and mentioned the specific tract of land sold by defendant; such conflict constitutes reversible error. Wallock v. Transit Co., 123 Mo. App. 160; Gessner v. Metropolitan, 132 Mo. App. 587. (4) The evidence in this case fell short of establishing any defense. Defendant admitted the employment, admitted that the plaintiffs procured the purchaser and introduced him to said defendant, and that the sale was made to the purchaser. Defendant did not employ the plaintiffs to sell any specific tract but employed them as his general agent to procure purchasers for any land, and on the undisputed facts plaintiffs were entitled to a verdict, and the court should have directed a verdict for plaintiffs. Sissel v. Railroad, 214 Mo. 527; Strauss v. Chewing Gum Co., 134 Mo. App. 110; Heckesler v. Cooper, 203 Mo. 293. (5) If an agent introduces the purchaser

or discloses his name to the owner and because of such introduction or disclosure negotiations are begun and a sale of land is effected the agent is entitled to his commission even though the sale was made and negotiations concluded by the owner himself. Holland v. Vinson, 124 Mo. App. 417; Bass v. Jacobs, 63 Mo. App. 393; Tyler v. Parr, 52 Mo. 249; Timberman v. Craddock, 70 Mo. 638; Gelatt v. Ridge, 117 Mo. 553; Salle v. McMurry, 113 Mo. App. 253.

E. C. Anderson and Robertson & Robertson for respondent.

A real estate agent is not entitled to a commission on account of the sale of property placed in his hands for sale unless he is the procuring cause of the sale. Gamble v. Grether, 108 Mo. App. 341; Pollard v. Banks, 67 Mo. App. 187; Beauchamp v. Higgins, 20 Mo. App. 514; Crowley v. Summerville, 70 Mo. App. 376; Campbell v. Wanstone, 73 Mo. App. 74; Warren v. Cram, 71 Mo. App. 74; Tooker v. Duckworth, 107 Mo. App. 231; 19 Cyc. 250, 251; Wolff v. Rosenberg, 67 Mo. App. 403; Cunliff v. Hausmann, 97 Mo. App. 467.

REYNOLDS, P. J.—Plaintiffs, appellants here, under the firm name of Duncan & Myers, brought their action against defendant to recover commissions at the rate of one dollar per acre for acting as agents for defendant in selling 640 acres of land in the State of Texas, it being alleged that defendant had agreed to pay them at that rate if they effected a sale of that land or were instrumental in effecting a sale thereof. They aver the sale of it by defendant to one George Hake, whereby they claim that defendant became indebted to them for $640, which they aver he has repeatedly promised to pay but has failed to do. Judgment is asked for that amount and costs.

The answer was a general denial.

At a trial before the court and a jury there was evidence tending to show that Hake had bought 640 acres of land in Texas from defendant; more accurately, Hake and defendant had exchanged lands, Mr. Hake owning a farm in Audrain county which he traded to defendant for this Texas land, there being some difference in value between the two tracts which appears to have been adjusted by a cash payment. It was further in evidence that plaintiffs, at the time of the sale from defendant to Mr. Hake, were engaged in handling deals in Texas lands. Their method of business was to take a number of prospective buyers down to Texas, introduce them to land agents and owners, show them the lands, and if a sale was made they were paid a commission on the sale. On August 18, 1908, defendant gave plaintiffs a writing, signed by him, in which he agreed to pay to their order one dollar per acre commission "on any deals that they make for" him, payable when deeds are placed in escrow with any bank or trust company that may be agreed upon in the contract of sale. After the execution of this, plaintiffs, on one of their trips to Texas took Mr. Hake with them and introduced him to defendant as a customer for certain Texas lands which defendant then owned and had for sale. Hake, in company with one of the plaintiffs and with defendant or some one representing him, went over two tracts of land which defendant then owned. Hake declined to buy either of them. He testifies that he was introduced to defendant by Mr. Myers, one of the plaintiffs, and that defendant told him he had two certain sections of land for sale there which they went around and examined—that is Mr. Myers, Hake and defendant. After he had looked at them, Hake testifies, these two sections did not suit him in any particular. He told how these sections lay and that directly after he had left there, in company with Myers, Myers told him that he had "missed an awful good chance for

155 App.—45.

a trade," whereupon Hake told him that he had "missed just such a good trade that he (Myers) was indebted" to him (Hake) for his trip down there; that he had misrepresented the place and that he did not propose to go any place else with him. Hake testified that he went down to Texas afterwards and again met Mr. Hills, the defendant, and that he and Mr. Hills finally traded for 640 acres but that this 640 acres was not any part of the land that he had been shown by Myers nor the land to which his attention had been called by plaintiffs. Hake testified in the most positive manner that plaintiffs had nothing whatever to do with the trade between himself and Mr. Hills concerning this 640 acres which they ultimately traded for with each other; that plaintiffs had never shown him this particular section. Defendant also testified that his contract with plaintiffs related to two other tracts and had no relation whatever to the tract subsequently sold to Hake. There was evidence on the part of plaintiffs that as a matter of business and to promote a sale to Hake, as Hake seemed to have taken a dislike to plaintiffs, that defendant was to hold out the idea to Hake that plaintiffs had nothing more to do with his transactions. This, however, was denied by defendant. Plaintiffs also introduced testimony tending to show that in an effort to settle the matter between them defendant had offered to pay them fifty cents an acre. Defendant denied this. Defendant also denied very positively that plaintiffs had had anything whatever to do with the sale of this particular 640 acres to Hake, on the sale of which the commission is here claimed. Briefly, the testimony was contradictory between plaintiffs and their witnesses on the one side and defendant and his witnesses on the other on every fact that is really material in the case, so that it was a case peculiarly resting on the determination of the jury, provided they were instructed correctly as to the law applicable to it.

The court gave five instructions at the instance of plaintiff and three at the instance of defendant, objection and exception being duly saved by plaintiffs to the instructions given at the instance of defendant. There was a verdict for defendant from which plaintiffs, after interposing a motion for new trial and saving exceptions to the action of the court on that being overruled, have duly perfected appeal to this court.

The learned counsel for appellant make six points as grounds for reversal: first, that all the instructions given for defendant are erroneous because they exclude the theory that defendant promised to pay plaintiffs after the deal was consummated; second, that there was no evidence in the case tending to show that plaintiffs had ceased in their efforts to effect a sale and defendant's instructions submitting that issue is not based on any evidence; third, that the instructions are in direct conflict with those given for plaintiffs; fourth, that the evidence falls short of establishing any defense; fifth, that on the undisputed testimony, plaintiffs were entitled to a verdict; sixth, that it has been repeatedly declared by the appellate courts of this state that where a real estate agent is the proximate and procuring cause of the sale being made he is entitled to his commission. We find no error in the instructions given in behalf of the defendant, in omitting to place before the jury the alleged fact that defendant had promised to pay after the deal had been consummated. If plaintiffs desired an instruction on this line, it was for them to ask for it. The instructions given in no manner excluded this. Nor do we find that the instructions given for defendant are outside of the evidence, lacking in evidence to support them or inconsistent with those given at the instance of plaintiffs. It will be of no practical purpose to repeat the instructions. It is sufficient to say that they fairly cover the case in the different aspects of it presented by the parties, so far as the court was asked to cover it.

While it is absolutely true that this court, as well as our Supreme Court, has repeatedly held that where the real estate agent is the proximate and procuring cause of the sale being made, he is entitled to his commission, it has also been uniformly held that he is entitled to the commission only when he is the active and procuring cause in effecting the sale of the particular piece of property which he is employed to sell. It was for the jury to say whether this particular 640 acres which was sold to Hake was sold through the efforts and instrumentality of plaintiffs. If its sale was the result merely of the acquaintance between defendant and Hake, while it may be true that plaintiff introduced Hake to defendant, if that was all they did in promoting the sale, they cannot recover, unless they had authority as to this particular land. Nor, if the introduction or effort was for the purpose of inducing Hake to purchase one of two certain specified sections of land in Texas, neither of which Hake ever bought, and neither of which is comprised in the 640 acres which he ultimately bought, have plaintiffs any claim. Brought down to its ultimate conclusion, the argument of the learned counsel for appellants is that if a man introduces one to another, contemplating that they transact business together as to a certain matter, if those two ever happen afterwards to transact any business together concerning any other matter, that then the introducer is entitled to a commission. This will not do. The decision of this court in the case of Tooker v. Duckworth, 107 Mo. App. 231, 80 S. W. 963, it seems to us, determines this case. The Tooker case, in many of its facts, closely resembles the facts in the case at bar. With the facts in this case before us, we can follow almost literally the conclusion of Judge BLAND in the Tooker case, and say that there was evidence tending to show these plaintiffs never were commissioned to make the sale that was made to Hake; had nothing whatever to do with it; did not even know that it was under consideration

until some time after it was consummated and had neither found a purchaser for the property they were authorized by defendant to sell nor made the sale that was made. In point of fact there was evidence tending to show that the purchaser had flatly refused to have anything to do with the plaintiffs in any further land deals that he might make in Texas. On this testimony, and its credibility was for the jury, the jury were authorized in finding as they did, that the plaintiffs were not entitled to any commission.

This court, in Gamble v. Grether, 108 Mo. App. 340, 83 S. W. 306, announced the rule which has always been adhered to in this state, that the real estate agent is not entitled to a commission on account of property placed in his hands for sale unless he is the procuring cause of that particular sale, except in case of an exclusive agency stipulating for commissions at any event as in Mercantile Trust Co. v. Lamar, 148 Mo. App. 353, 128 S. W. 20. Admitting for argument that it was through the introduction of Hake to defendant by plaintiffs that they were brought together, it did not follow, and the evidence as found by the jury does not sustain the contention of the appellants, that plaintiffs were the procuring cause of the sale of this particular 640 acres to this particular man.

The judgment is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.