## LUDEMAN v. ENGLISH, Executrix.

No. 9533—Opinion Filed April 20, 1920.

(Syllabus by the Court.)

**1. Brokers—Right to Compensation—Contractual Relation.**

A real estate broker's right to remuneration for his services must be predicated on contractual relations existing between himself and the person against whom the alleged right is sought to be enforced. If he is unable to prove an express promise to pay for his services, he must show facts from which the law will imply a promise on the part of the alleged principal to compensate him for his efforts in the transaction in which he claimed to have been employed.

**2. Same—Agency—Procuring Cause.**

To entitle an agent to a commission, there must be employment, and the agent's services must be the effective cause of the bargain.

**3. Same — Resuming Abandoned Transaction.**

If a broker fails to bring the minds of the parties to an agreement, and the transaction is abandoned, and afterwards the owner, through his own efforts, without fraud, effects a sale, the broker is not entitled to a commission, because he is not the procuring cause of the sale.

**4. Appeal and Error—Record of Evidence—Necessity.**

In order that this court may consider assignments of error relating to the exclusion of evidence, there must be a showing in the record as to what the excluded evidence would have been.

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by B. W. Ludeman against Bessie E. English, executrix of the last will and testament of A. Z. English, deceased, to recover real estate broker's commission on an oil and gas mining lease. Judgment for defendant on demurrer to the evidence, and plaintiff brings error. Affirmed.

M. A. Dennis, B. B. Blakeney, and J. H. Maxey, for plaintiff in error.

N. A. Gibson, J. L. Hull, and T. L. Gibson, for defendant in error.

OWEN, C. J. A. Z. English, deceased, as administrator of the estate of Annie Severs, executed and delivered an oil and gas mining lease to L. R. Van Houton. This action was brought by B. W. Ludeman against Bessie E. English, executrix of A. Z. English, to recover a real estate broker's commission on the sale of said lease.

The case was tried to a jury. After the evidence of plaintiff had been offered and arguments submitted, a demurrer was sustained to the evidence and judgment rendered for defendant. To reverse the judgment it is urged that the court erred in sustaining a demurrer to the evidence, and in excluding competent evidence. Special findings were not announced by the trial court, but a general finding was made, to the effect that the evidence was insufficient to show either employment of plaintiff as agent, or that plaintiff was the procuring cause of the sale of the lease.

The evidence was to the effect that plaintiff was a real estate broker and deceased, as administrator, had charge of a certain tract of land comprising something like 3,300 acres. Plaintiff had at one time procured a map of the land from English, and plaintiff's partner showed Van Houton over the land. Plaintiff thereafter introduced Van Houton to English, negotiating with Van Houton for the purchase of the entire tract. Van Houton declined to buy the land at the price offered, but a short time thereafter negotiated with English to secure an oil and gas mining lease on a certain 160 acres of the tract. This transaction was had between Van Houton and English, and there is no proof that plaintiff had anything to do with it, or knew of the negotiations. There is no evidence of an express contract between plaintiff and English as to the sale or leasing of the land, and it does not appear that English ever requested the services of plaintiff either in selling or leasing the land, or that he ever listed the land with plaintiff or his partner.

Where there is no evidence of a contract, either express or implied, there can be no recovery. A real estate broker's right to remuneration for his services must be predicated on contractual relations existing between himself and the person against whom the alleged right is sought to be enforced. If he is unable to prove an express promise to pay for his services, he must show facts from which the law will imply a promise on the part of the alleged principal to compensate him for his efforts in the transaction in which he claims to have been employed. Johnson v. Whalen, 13 Okla. 320, 74 Pac. 503;

Dickinson v. Hanley, 193 Mich. 585, 160 N. W, 389, Ann. Cas. 1918C, 1063, and note, page 1064, 4 R. C. L. 298, 300; Chaffee v. Widman, 48 Colo. 304, 139 Am. St. Rep. 220; Geier v. Howells, 47 Colo. 345, 107 Pac. 255, 27 L. R. A. (N. S.) 786.

The evidence of Van Houton is to the effect that he went to negotiate for the purchase of the entire tract of land, but declined to buy on account of the price, and later voluntarily opened negotiations with English as to the leasing of the 160 acres, and closed this deal himself. Therefore plaintiff was not the procuring cause of the sale. To entitle an agent to commission his services must be the effective cause of the bargain. Yarborough v. Richardson, 38 Okla. 11, 131 Pac. 680; Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441; Duncan v. Hills (Mo.) 135 S. W. 450; Evertson v. Warrach (Tex.) 132 S. W. 514.

The court excluded evidence to the effect that plaintiff had received communications from English concerning the listing of the land for sale. No offer was made after the objection was sustained as to what the testimony would be. It has been repeatedly held that in order for this court to consider assignments of error relating to exclusion of evidence, there must be a showing in the record as to what the excluded evidence would have been. Farmers Product & Supply Co. v. Bond, 61 Okla. 244, 161 Pac. 181; Lamont Gas & Oil Co. v. Doop & Frater, 39 Okla. 427, 135 Pac. 392.

The demurrer to the evidence was properly sustained, and the judgment of the trial court is therefore affirmed.

KANE, RAINEY, PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.