## COLEMAN v. MORELAND et al.

No. 10941—Opinion Filed Feb. 27, 1923.

(Syllabus.)

### 1. Brokers—Sale of Land—Right to Compensation—Procuring Cause.

If the evidence shows that, after a tract of land is placed in a broker's hands for sale, the vendor and vendee are brought together in such a manner as to show that the broker's efforts were, in a reasonable degree, effective in consummating the sale, then the broker is entitled to compensation; but if the evidence merely shows that the extent of the broker's acts was to call the attention of the prospective purchaser to the fact that the land was for sale, and thereafter the vendor and prospective purchaser reached an agreement, solely by their own negotiations, then the broker cannot be said to have been the proximate procuring, and effective cause for the sale, and is not entitled to a commission.

### 2. Trial—Demurrer to Evidence.

A demurrer to the evidence admits all the facts which the evidence reasonably tends to establish and all of the inferences and conclusions which may reasonably be drawn therefrom; but, where the evidence introduced is insufficient, from any angle, to establish a right of recovery or to sustain a verdict or judgment in favor of the plaintiff, it is error for the trial court to overrule a demurrer to the evidence.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by D. C. Moreland and L. Danruther against Peter Coleman to recover real estate brokers' commission on sale of land. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

John W. Hayson, W. C. Lukenbill, and Fred Ptak, for plaintiff in error.

Wright, Blinn & Gilmer, for defendants in error.

KENNAMER, J. This is an action by D. C. Moreland and L. Danruther, as plaintiffs, against Peter Coleman, as defendant, to recover a real estate brokerage commission for the sale of land. The case was tried by a jury, resulting in a verdict for the plaintiffs in the sum of $487.50, the amount of the judgment appealed from.

There were several assignments of error, involving questions of real party at interest, pleadings, and conduct of the trial, all of which the court feels unnecessary to consider in view of its holding.

The evidence of the plaintiffs was to the effect that the defendant, who owned a farm of 160 acres of land in Oklahoma county, desiring to sell the same, had listed the property, verbally, with the plaintiff Moreland. a broker, and had fixed the price that he desired to obtain at $100 per acre, or $16,-000 gross, agreeing to pay Moreland a commission of $500 if he effected a sale at that figure: that Moreland associated himself with or employed the plaintiff Danruther to assist in the sale, agreeing to pay him one-half of the commission; that one A. J. Jones, an acquaintance of both plaintiffs and defendant, was in the market for a farm; that Danruther met Jones on the street one day and told him that Coleman's place was for sale; that Jones stated that he did not want that much land, but would go out and look at it in a few days; that Jones did go out and look at the land, decided that he did not want that large an acreage, and called on the defendant to ascertain if a part of it could be purchased. All of this took place without any further acts by or conferences with the plaintiffs or either of them. That Jones and Coleman went out to see the land, and after some negotiation closed the deal for the sale of the entire property for $14,-500. This deal was closed in the office of another real estate agent and without even the knowledge of the plaintiffs.

At the conclusion of the plaintiffs' testimony, the defendant demurred to the evidence, which demurrer was overruled by the trial court. In this we believe the court erred.

Owen, Chief Justice, in the case of Ludeman v. English, 78 Okla. 177, 189 Pac. 531, said that, "Where there is no evidence of a contract, express or implied, there can be no recovery". In the case at bar, the only evidence of an express contract on the part of the plaintiffs was for a commission of $500 in case the sale was made for $16,-000, and the admission that the evidence was insufficient to show a compliance with the terms of that contract was made by the plaintiffs when they amended their petition to seek recovery on quantum meruit. Therefore, the sole consideration is whether or not there is sufficient evidence to sustain a quantum meruit recovery Chief Justice Owen, in the Ludeman v. English Case, supra, said:

"If he (meaning the real estate broker) is unable to prove an express promise to pay for his services. he must show facts from which the law will imply a promise on the part of the alleged principal to compensate him for his efforts in the transaction in which he claims to have been employed. (Citing authorities.)"

By this language, we understand that the broker, to establish a right of recovery on quantum meruit, must show that he was the procuring and effective cause of the sale.

Though it is possible, under some circumstances, that the mere giving of the information to a prospective purchaser that a certain parcel is for sale would entitle a broker to his commission, such circumstances would have to be very extraordinary; and the broker would be obliged to establish the existence of such circumstances, for it is well settled that even the introduction of the vendee, by the broker, to the vendor, where the sale is consummated afterwards, is not per se conclusive that the sale was effected by the broker. Yarborough v. Richardson, 38 Okla. 11, 131 Pac. 680.

This court is aware of a few cases holding that the mere introduction of the vendor to the vendee, by the broker, entitles the latter to compensation, but we believe that in all of the well-reasoned decisions of that line of authority there was some one of the extraordinary circumstances above referred to. Such circumstances may be the showing of the property to the prospective purchaser by the broker; negotiating with the prospective vendee as an authorized party to make the sale; making marked efforts to dispose of the property to numerous persons, including the ultimate purchaser; or, in the case where the property chances to be sold under all of the terms of the listing to a party informed of the terms and sent to the

vendor by the broker. None of these were even intimated by the plaintiff's evidence. Instead, the commission of any act to assist the vendor in closing the deal was expressed negatived and denied by the plaintiff's own witnesses. One of the plaintiffs testified that he even failed to inform the vendee that he was authorized to sell for the defendant. These admitted facts by the plaintiffs lead the court to conclude that the plaintiffs failed, in their evidence, to show any right of recovery whatsoever against the defendant.

It has been consistently held and recognized by the courts of this jurisdiction that a demurrer to the evidence admits all of the facts which the evidence reasonably tends to establish and all of the inferences and conclusions which may reasonably be drawn therefrom; but, where the evidence introduced is insufficient, from any angle, to establish a right of recovery or to sustain a verdict or judgment in favor of the plaintiff, it is error for the trial court to overrule a demurrer to the evidence. Shawnee Fire Ins. Co. v. Thompson & Rowell, 30 Okla. 466, 119 Pac. 985; Remarkis v. Reid, 64 Okla. 104, 166 Pac. 728; Grossman Co. v. White, 52 Okla. 117, 152 Pac. 816.

We are therefore of the opinion that the trial court should have sustained the defendant's demurrer to the evidence of the plaintiffs; that the judgment of the trial court should be reversed, and the cause remanded, with directions to the court below to render judgment in accordance with the views herein expressed.

JOHNSON, V. C. J., and NICHOLSON, COCHRAN, and BRANSON, JJ., concur.