## BOHNEFELD v. WAHL et al.

No. 11223—Opinion Filed May 15, 1923.

Rehearing Denied July 17, 1923.

### Brokers—Real Estate Agent's Commission—Liability of Purchaser.

C., engaged in the hat cleaning business in Oklahoma City, desired a more suitable location. W. O., C's. brother, agreed that if C. could find a suitable lot in or near the 300 block on West Grand avenue, which could be bought at such price that the rental C. could afford to pay would be a reasonable income on the money invested he would buy it. K., a real estate broker, obtained from W., owner of such lot and in such location, a price net to the owner, he, K., to have as his commission all over and above the net price so fixed for which he could sell the lot. K. informed C. that he could sell him such lot and, at C's request gave him the location, number of the lot, the price that he could sell the lot for, and the name and address of the owner. C. by letter notified W. O., his brother, that K. claimed to have a suitable lot and at a bargain. W. O., within about ten days, acting upon this information so acquired, went to W. direct and bought the lot from W. at the net price which W. had fixed to K. held, that W. O. was liable to K. for the commission.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Oklahoma County; W. R. Taylor, Judge.

Action by L. G. Wahl and L. L. Klein, partners, doing business as Wahl-Klein Company, against W. O. Bohnefeld. Judgment for plaintiffs, and defendant appeals. Affirmed.

Shirk, Danner & Fowler, for plaintiff in error.

Keaton, Wells & Johnston and G. G. Barnes, for defendants in error.

Opinion by RAY, C. This is an action by L. G. Wahl and L. L. Klein, partners, real estate brokers, doing business as Wahl-Klein Company, against W. O. Bohnefeld to recover a commission for the purchase of certain real estate in the business section of Oklahoma City.

The essential facts are: That at the time of the real estate transaction on which this action is based, W. O. Bohnefeld was conducting a hat cleaning business in the city of Tulsa, and his brother, Charle Bohnefeld, was engaged in the same business in Oklahoma City but in an undesirable location. Charles was not financially able to build in a desirable location and his brother, W. O Bohnefeld, the defendant, plaintiff in error, agreed that, under certain conditions, he would buy suitable property for him. The conditions were that Charles should find a lot in or near the 300 block on West Grand avenue which could be bought at such a price that the rent which Charles could afford to pay would be a reasonable return on the investment. Klein, one of the parties plaintiff, in some way learned of their intentions and, acting for his company, called upon Charles on some two or three occasions for the purpose of selling them a lot. Charles told Klein that he was not in the market himself, but that if any real estate was bought in Oklahoma City it would have to be by his brother who lived in Tulsa. After some conversation Klein undertook to find a suitable location in the 300 block on West Grand avenue which would satisfy the requirements. He called upon a Mr. Wylie, who owned a lot in that block, and obtained a sale price net to Wylie. Wylie told Klein that he could have all over $17,000 that he could get for the lot but that the buyer must assume certain back taxes. Klein then, in a subsequent conversation with Charles Bohnefeld, told him that he, Klein, had the property he thought would suit him and at a bargain. Charles told Klein that he would communicate with his brother and, at Charles' request, Klein gave him the number and description of the lot and the name and address of the owner. Here occurs a conflict of evidence. Klein testified that Charles agreed to deal with him if they bought the lot and that he fixed the price at approximately $18,000; that in fixing that price it was based on $17,000 net to Wylie, the back taxes, approximating $500 and the commission of $550, making it approximately $18,000. Charles Bohnefeld testified that Klein fixed the price to them at $18,500 and denied any agreement or understanding that his brother would buy through Klein if they bought the lot. Charles then wrote to his brother and told him, in substance, that Klein claimed to have a lot in the 300 block on West Grand avenue that could be bought at a bargain; that the price was $18,500, and gave him a description of the lot and the name of the owner. This occurred about December 18, 1918. On December 24th W. O. Bohnefeld, came to Oklahoma City with his family to visit his brother Charles and family. The next day, December 25, while the two brothers were in the country together, Charles told W. O. that Mr. Klein wanted him to call Klein over the telephone with reference to this matter. On the following morning, December 26th, W. O. Bohnefeld, on his way down to Charles' place of business, stopped at Wylie's place of business which was on the lot referred to and, after some conversation, bought the lot direct from Wylie for $17,000, and assumed

the payment of the back taxes amounting to something over $300.

There was other testimony as to conversations between Charles Bohnefeld and Klein, most of it conflicting. The case was tried to a jury, and resulted in a judgment in favor of the plaintiffs and against Bohnefeld in the sum of $550. Exceptions were saved to all adverse rulings of the court and to instructions of the court Nos. 6, 9 and 10. Certain instructions were submitted to the court by the plaintiffs but the record does not disclose that they were refused by the court or exception saved. The petition in error contains 12 assignments of error, but in his brief counsel presents the case under four propositions: (1) That it was necessary for the plaintiffs to prove that Charles Bohnefeld was the agent for his brother and authorized to employ plaintiffs as agents to procure the sale of the property before they could recover and, that such agency was not proven: (2) that if the plaintiffs were the agents of the seller and acted as the agents of the purchaser, they were not entitled to compensation from either: (3) that the defendants in error were in fact agents of the seller and not of the purchaser and: (4) that the court erred in his instructions to the jury.

Was the agency of Charles Bohnefeld established by the evidence? This much is undisputed: that W. O. Bohnefeld desired to buy a lot in or near the 300 block on West Grand avenue, Oklahoma City, suitable as a business location for the hat cleaning business being conducted by his brother Charles, provided, that Charles could find such a lot that could be bought for such a sum as the rental which Charles could afford to pay would produce a reasonable income on the money invested; and that Charles was on the lookout for such a lot; that Klein went to Charles' place of business several times and each time took up with him the question of a suitable location; that Charles indicated that the 300 block on West Grand avenue was probably a suitable location, but told Klein that if there was any lot bought it would have to be by his brother in Tulsa, that he himself was not in the market for a lot; that Klein went to Wylie, who owned a lot in the 300 block on West Grand avenue, and got a price of $17,000 net to him and that he, Klein, could have all above the $17,000 he could sell it for, the purchaser to pay the back taxes; that Klein then represented to Charles that he had a lot in the 300 block on West Grand avenue and named the price that Bohnefeld would have to pay; that Charles told Klein that he would notify his brother in Tulsa

but asked for a description of the lot by number and the name of the owner, which Klein furnished; that Charles wrote his brother, W. O. Bohnefeld, about the 18th day of December, 1918, in which he told him that Mr. Klein said he had a lot that was a bargain and gave him the description of the lot and the name of the man he was to get it from; that on the 25th day of December Charles told W. O. that Mr. Klein had asked that he, W. O., call Klein up; that on the following morning W. O. Bohnefeld went to see Wylie at his place of business which was on this particular lot; that Wylie priced the lot to him just as he had priced it to Klein and others, at $17,000 net to him; and that W. O. Bohnefeld, then and there bought the lot for $17,000, he, Bohnefeld, agreeing to pay the back taxes. There were other facts and circumstances testified to by witnesses for plaintiff and denied by witnesses for the defendant which, taken altogether, was sufficient to entitle the case to go to the jury on the question of agency. The jury, under the instructions of the court, by their general verdict, found that the agency was proven by a preponderance of the evidence. This court has held, too often to call for a citation of the cases, that where there is evidence reasonably tending to support the verdict that it will not be disturbed by this court on appeal.

The undisputed evidence shows that the defendant derived such benefit from the services of the plaintiffs as to bring the case within the rule laid down in the case of Washington v. Colvin, 55 Okla. 774, 155 Pac. 251, where this court quoted with approval section 148, Mechem on Agency, as follows:

"He who would avail himself of the advantages arising from the act of another in his behalf must also assume the responsibilities. If the principal has knowingly appropriated and enjoyed the fruit and benefits of an agent's act, he will not afterwards be heard to say that the act was unauthorized. One who voluntarily accepts the proceeds of an act done by one assuming, though without authority, to be his agent, ratifies the act, and takes it as his own with all its burdens, as well as all its benefits. He may not take the benefits and reject the burdens, but he must either accept them or reject them as a whole."

Again, in Treese v. Shoemaker, 80 Okla. 235, 195 Pac. 766, this court said:

"A broker employed to secure a lease is entitled to his commissions if during the continuance of his agency he is the efficient or procuring cause of the execution of the lease, though the actual agreement for the

lease is made by the principal with the owner of the land; and the broker will be regarded the procuring efficient cause if his efforts are the foundation upon which the negotiations resulting in the execution of the lease are begun."

The second proposition is that if the rental agents were agents for the seller and acted as agents for the purchaser they were not entitled to compensation from either. We are in hearty agreement with this proposition, but it has no application to the facts in this case as we understand them. The plaintiffs were not agents for Wylie. This is made clear by all the evidence upon that subject. Klein was endeavoring to find a lot to suit the wants of the defendant. Wylie fixed a price net to him. That was clearly understood between them. When Wylie fixed the price of $17,000 to be net to him he left no place where it could be inferred that he was to pay a commission for the same. It was distinctly understood that the plaintiffs should receive only the amount they received over and above $17,000 and the payment of the back taxes. When the defendant went direct to Wylie and purchased the lot at the same price, $17,000 net to Wylie, the effect was to defeat the plaintiffs of their right of any compensation whatever, if it be held that they could not recover from the defendant in this action. In our view, therefore, the authorities cited by counsel are not applicable to the facts in this case. And this likewise disposes of the third proposition.

It is contended that the court erred in giving instructions Nos. 6, 7, 8, 9 and 10. No exceptions were saved in the record as to Nos. 8 and 9 and counsel abandoned No. 10 in his brief and, therefore, they will not be considered. It is not contended that the law was incorrectly stated by the court in instructions No. 6 and 9, but it is contended that there was no evidence to sustain them. In our opinion there was evidence which clearly justified the court in giving the instructions complained of.

We have examined carefully the instructions and, in our opinion, the instructions, taken as a whole, fairly presented the issues to the jury. The judgment of the trial court should be affirmed.

By the Court: It is so ordered.