### KING et al. v. SMOOT et al.

No. 14232—Opinion Filed Sept. 23, 1924.

#### Appeal and Error—Review—Evidence—Sufficiency.

This court will consider the evidence adduced at the trial in order to ascertain whether or not the findings of the court are reasonably supported by the testimony, but in so doing the conclusion reached by the court is weighed by that evidence only which supports it. If all the evidence supporting a judgment, taken together and given all of the presumptions and deductions to which it is reasonably susceptible, is sufficient, then this court will not go behind it and determine what conclusion might have been reached on the countervailing evidence offered, had it been accepted. (Chickasha St. Ry. Co. v. Wund. 37 Okla. 582, 132 Pac. 1078.)

Error from District Court, Tulsa County; Valjean Biddison, Judge.

Action by James Smoot and W. R. Sullivan, doing business under the firm name of Smoot & Sullivan, against John W. Widdoes, W. P. King, and A. L. Powell, to recover $107.58 for labor and material and to foreclose a mechanic's lien upon certain real property. Judgment for plaintiffs against defendant John W. Widdoes, for the amount sued for, and for plaintiffs against defendants King and Powell to foreclose the mechanic's lien, to reverse which judgment the defendants W. P. King and A. L. Powell have brought this proceeding by petition in error with case-made attached. Judgment affirmed.

J. S. Severson, for plaintiffs in error.

Kopplin & Jameson, for defendants in error.

PER CURIAM. This was an action by defendants in error, plaintiffs below, for the purpose of recovering the sum of $107.58 for work performed and material furnished in making certain repairs and improvements on real estate described as lots 13 and 14, block 57, city of Broken Arrow, Tulsa county, Okla., and asking for the enforcement of a mechanic's lien on said premises. The contract was oral between defendants in error and John W. Widdoes, who then owned the property. In so far as the defendant John W. Widdoes, who employed the plaintiffs to do said work, there is no question as to his individual liability. A judgment was rendered against him for said amount by confession. The question litigated by plaintiffs in error was whether or not any lien attached to the property. The testimony in the case is practically without dispute and shows that work started October 3, 1919, and was completed December 8, 1919, except as to the work done March 7, 1920, which forms the basis for both contentions in this case; that some cash payments were made, the last of which was December 15, 1919; lien claim was filed in the office of the court clerk of Tulsa county, on June 7, 1920; the plaintiff in error, W. P. King, purchased said property from John W. Widdoes by deed dated February 17, 1920, and said Widdoes remained in possession of the said premises until about March 1; that defendant A. L. Powell purchased said property by deed from W. P. King and wife September 24, 1920. The court below rendered judgment in favor of the defendants in error as against John W. Widdoes for the sum of $107.58 with interest thereon at the rate of six per cent. from March 7, 1920, together with the costs of this action, and the further sum of $75 attorney's fee, and as against W. P. King and A. L. Powell foreclosing the lien, from which judgment King and Powell prosecute this proceeding in error. The first assignment of error, and the only one necessary to consider, reads:

"That said verdict and judgment are not sustained by sufficient evidence and are contrary to law."

The testimony in this case shows without contradiction that plaintiffs were partners engaged in concrete and cement construction work at Broken Arrow, that John W. Widdoes owned the property in controversy; that in September, 1919, plaintiffs entered into an oral contract with Widdoes to raise his house, place a concrete foundation thereunder, build a concrete porch with concrete piers and steps, and lay a concrete walk;

that the work was to be done in a workmanlike manner, and was to be paid for from time to time as Widdoes could spare the money from his wages; that all of the work under the contract was done in October, 1919, except the building of the porch piers, which was done December 8, 1919; that two $25 payments were made by Widdoes on and prior to December 15, 1919; nothing further was done until March 7, 1920, when plaintiffs returned to the premises to fill with cement certain cracks in the foundation and joints of the concrete, and to paint the porch piers with a mixture of cement and water. Why this was necessary on March 7, is stated by plaintiff, Smoot:

"One of the things was, when we let the house down we cracked the foundation and I had to point that crack up; and then some of the joints, in laying up the foundation, had not been pointed because we did that part of it in tolerable big hurry; and then that paint and caps, entered in the book as paint and caps, we mixed it part cement and water and faced the caps over with part cement and water; after we took the forms off it was in the rough on the edges, and we finished up with the brush afterwards."

Also without contradiction, the record shows that defendant W. P. King purchased this property from Widdoes by warranty deed February 17, 1920, that possession was delivered about March 1, 1920, and that his tenant was in possession on March 7, 1920, when plaintiffs went there. They were informed by this tenant that King had bought the property and that Widdoes was no longer there.

According to the testimony of plaintiffs they went to see King in a very few days after March 7 to learn if he had assumed payment of their contract with Widdoes. He told them he had not and denied liability. King testified that this conversation occurred in June, 1920.

The question of whether the work was completed prior to March 7th was a question to be determined by the trial court. The trial court having found from the evidence that the work had not been completed prior to March 7th, this finding is not clearly against the weight of the evidence. Under the uniform holdings of this court the finding of the trial court upon the weight of the evidence will not be disturbed, and the judgment of the trial court will be affirmed upon appeal.

The judgment of the trial court should therefore in all things be affirmed.

By the Court: It is so ordered.