## WILLSON v. PHILLIPS.

No. 22800.   Oct. 16, 1934.

George S. Ramsey, Edgar A. deMeules, Villard Martin, and Garrett Logan, for plaintiff in error.

Woodard & Westhafer, for defendant in error.

PER CURIAM. The plaintiff sued the defendant to recover the sum of $237.50 alleged to be due him as a broker's commission for securing a purchaser for certain real estate belonging to the defendant. Judgment was rendered for the plaintiff, and the defendant appeals.

It is alleged in plaintiff's petition that he was engaged in the real estate business in the city of Tulsa, Okla., and that the defendant listed certain real estate with him for sale, as his agent or broker; that the plaintiff found a purchaser able, willing, and ready to buy the property at the price fixed by the defendant, and that he secured a written contract from said purchaser to buy said real estate; that thereupon the defendant refused to make the sale and refused to pay the plaintiff's commission. The de-

fendant denied that he employed plaintiff, denied that the plaintiff was authorized to act as his agent, alleges that he sold said property through his own efforts, and therefore denied that he owed the plaintiff any commission.

The defendant insists that the cause should be reversed, first, because there was no evidence that the plaintiff was employed by the defendant; second, because the court refused to give certain instructions requested by the defendant; and, third, because the court excluded certain evidence offered by the defendant.

1. The plaintiff testified that he called the defendant over the telephone and told him who he was, and what business he was engaged in, and asked him if he wanted to sell certain property. The defendant stated that he did. The plaintiff stated that he had some "clients" that he thought would buy it and that he would be glad to take a listing of the place and show the same to his "clients," and that the defendant agreed that he might do so. The plaintiff thereafter showed the property to his prospective purchasers and later secured a written contract from them to purchase the property. The defendant refused to sell the property to the plaintiff's purchasers. Plaintiff claims that he was entitled to the usual and customary commission, which it was agreed was the amount recovered. These facts were sufficient to take the question of employment and the securing of a purchaser to the jury.

This court, in the case of Oklahoma Railway Co. v. Mount, 155 Okla. 275, 9 P. (2d) 11, states:

"Where sufficiency of evidence is challenged, question is whether, with certain admissions and eliminations, there is any competent evidence tending to support verdict."

See, also, Bass, Maxwell & Co. v. Independent Gin Co., 140 Okla. 80, 282 P. 635; Farmers St. Bk. of Newkirk v. Hess, 138 Okla. 190, 280 P. 305, 66 A. L. R. 894; King v. Smoot, 100 Okla. 297, 229 P. 233; Simmons v. Maxey, 106 Okla. 252, 233 P. 669.

2. The instructions given by the court fairly covered all the legal questions raised by the pleadings and the evidence, and there was no error in refusing the instructions requested by the defendant.

3. It is claimed by the defendant that, even though the plaintiff was his agent to sell the property, it was not an exclusive

agency, and that he still retained the right to sell the land himself. It was shown that he did secure a buyer for the land through his own efforts, but that the written contract made with the buyer was executed after he was notified by the plaintiff that the plaintiff had secured a purchaser who had signed a written contract to purchase. The defendant offered to prove that he made an oral agreement with the buyer to whom he sold the land prior to the time that the written contract was presented to him by the plaintiff.

Having reached the conclusion that there was sufficient evidence to submit the question of agency to the jury, and that there was no error in refusing to give the instructions requested by the defendant, and excluding the evidence complained of by the defendant, we conclude that the judgment of the trial court should be affirmed.

The Supreme Court acknowledges the aid of Attorneys A. H. Ferguson, D. S. Mac-Donald, and Don Welch in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ferguson and approved by Mr. Mac-Donald and Mr. Welch, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.