BLOCH v. BENNETT.

No. 31534.   Dec. 5, 1944.

*154 P. 2d 67.*

Breck Moss, of Oklahoma City, for plaintiff in error.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, all of Oklahoma City, for defendant in error.

CORN, C. J.   This is an action to recover judgment for a broker's commission in a real estate transaction. The cause was tried to the court without the intervention of a jury. Judgment was for the defendant, and the plaintiff brings this appeal. The parties are referred to herein as plaintiff and defendant as they appeared in the trial court.

The several specifications of error in some manner relate to the question of whether the evidence shows that the plaintiff brought about the sale, and that is the question for our decision.

The defendant caused her property to be listed for sale with the plaintiff, a real estate broker. The listing was not exclusive. The plaintiff alleged that he found a buyer for the property in the persons of Harold Schonwald, Emanuel Schonwald, and Junia S. Cassell, who through the efforts of the plaintiff found and contacted the defendant, and as a result of such contact the defendant sold the property to said parties. The defendant denies that the plaintiff or any of his representatives, agencies, or employees had anything to do with bringing about the sale, but alleged in substance that the sale was brought about by her own efforts.

The testimony of F. J. Pierce, sales agent of the plaintiff, shows that several weeks before the property sold, he went to the office of the Schonwalds on the 10th floor of the First National Bank Building, and had a brief conversation with Harold Schonwald, asking him if he would be interested in purchasing a piece of property in the 100 block on Main street in Oklahoma City. Schonwald was leaving the office and leaving the city for Dallas, Tex., in about ten minutes, and was in a hurry, but asked him what property he had. Pierce stepped over to the window and pointed to the building and told him it was the building adjoining the Criterian Theatre Building on the east; that Schonwald asked a number of questions about the building, and asked if the owner would take another property in trade on the property; saying when he returned from the trip he would talk to his father about it and call him.

Harold Schonwald testified that he remembered the occasion, but the price was high and he was not impressed with the proposition and dismissed it from his mind; that Pierce did not tell him who owned the property, and that he thought he was pointing at the building next to the one in question. Dave Schonwald, testified that he purchased the property from the defendant; that his son, Harold Schonwald, had said nothing to him about the property being for sale, and that he had no knowledge of the property being listed for sale with the plaintiff. He stated that he had known the owner of the property for many years and had talked with her about the property. He explained that he was interested in purchasing the property because he owned other property in the 100 block and that several buildings in that block had become vacant and dilapidated, depreciating the value of the other property in the block. He decided that it was the opportune time to purchase some of these properties, repair them and put them in proper condition for occupancy. He stated that he looked at this property, and the adjoining property, and decided he would try to purchase them; that he called Mrs. Bennett, the owner, and asked her if she wanted to sell the property; she asked him to come out to her home and talk the matter over with her. He went the next day, and a few days later they closed the deal. The deed was made to Harold Schonwald, Emanuel Schonwald, and Junia S. Cassell.

Much of the testimony in the record is directed at the conversation which took place between F. J. Pierce and Harold Schonwald on the occasion above mentioned, when Pierce pointed out the property from Schonwald's office window on the 10th floor of the First National Bank Building. The plaintiff seeks to show by this testimony that Schonwald followed up this information and acted in bad faith in dealing direct with the owner of the property. The testimony of these two witneses is conflicting in certain details, and particularly as to whether Harold Schonwald understood which property was for sale and whether this information brought the purchaser and

604

the seller together and was the procuring and efficient cause of the sale.

We think that the trial court was correct in finding that the evidence of the plaintiff fell short of showing that the elder Schonwald or the defendant, owner of the property, had any knowledge of the plaintiff's effort to show the property to Harold Schonwald. Neither does it show that the plaintiff ever considered the Schonwalds a sufficient prospect to inform the owner thereof, or to make any effort to bring the parties together, or to consummate the sale.

In the case of Cantrell v. McLemore et al., 119 Okla. 176, 249 P. 417, this court said:

"Many decisions of this court have announced the rule that, to be the procuring cause of a sale, an agent must first call the purchaser's attention to the property, and start negotiations which culminate in the sale thereof. Wheelan et al. v. Hunt, 37 Okla. 523, 133 P. 52; Ludeman v. English, 78 Okla. 177, 189 P. 531; Mathews v. Chadwick, 91 Okla. 262, 217 P. 432; Coleman v. Moreland, 89 Okla. 128, 213 P. 843; Bohnefeld v. Wahl et al., 97 Okla. 48, 215 P. 777; Fitch v. Braddock et al., 93 Okla. 78, 219 P. 703."

The judgment is affirmed.

All concur.