## GLOVER & GLOVER REAL ESTATE CO. v. LAWING.

No. 32838.   Sept. 23, 1947.

*184 P. 2d 989.*

Riley Q. Hunt, of Grove, for plaintiff in error.

E. H. Beauchamp, of Grove, for defendant in error.

PER CURIAM. C. F. Lawing, hereinafter called plaintiff, filed this action against Glover & Glover Real Estate Company, a partnership composed of Dick Glover and Ben Glover, hereinafter called defendant, to recover $150, the same being half of the commission of $300 for the sale of certain real property. A trial to the court resulted in a judgment for the plaintiff and the defendant appealed from the judgment and the order overruling its motion for new trial and in two propositions asserts first that the plaintiff is not entitled to a share of the commission because he did not comply with the terms of the contract, and, second, that the defendant as principal has no duty to pay the plaintiff as agent a commission inasmuch as plaintiff gave the defendant reason to believe that he had not caused the customer to appear at the offices of defendant to complete the transaction.

Defendant cites and relies on Bohnefeld v. Wahl, 97 Okla. 48, 215 P. 777; Coleman v. Moreland, 89 Okla. 128, 213 P. 843; Lasoya Oil Co. v. Jarvis, 191 Okla. 213, 127 P. 2d 142, and several other cases. Some of these cases are inapplicable to the fact situation in the case at bar because they involve the question of agency of one purporting to act for the owner, see Bohnefeld v. Wahl, supra, or, the question of whether the owner who sells the property to the purchaser knows of the procurement of the purchaser by the broker where, perhaps, the owner sells to the purchaser for a price which does not include a commission for the broker. See Lasoya Oil Co. v. Jarvis, supra. Other cases involve the question of the procuring cause. These questions are not involved in the case at bar. We do not consider it necessary to set out the fact situation and holding in each particular case cited by the defendant. No case is cited in which the broker agreed to divide the commission with a fellow broker.

The property was sold by the defendant to Jim De Priest for the sum of $6,000, and the defendant was paid a commission of $300 and so far as the record shows for a price which the defendant set which included all commissions to be charged whether plaintiff procured a purchaser or not. There is no claim or showing that if the defendant had known that plaintiff was to receive half of the commission more would have been obtained on the sale of the property.

The sole question is, did plaintiff have a contract for half of the commission if

he sent the defendant a buyer, and did plaintiff fulfill his agreement to send a buyer? In Roberts v. Markham, 26 Okla. 387, 109 P. 127, it is stated:

"The commission for the sale of a certain lot in the city of Muskogee is involved in this action. The case having been tried by the court without the intervention of a jury, and a general finding having been made in favor of the plaintiffs, the same is a finding of every special thing necessary to be found in order to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact."

Since the relation arises from contract the terms of the agreement are always a factor. First Trust Joint Stock Land Bank v. Ferguson, 187 Okla. 49, 104 P. 2d 427; Williams v. Seminole Oil & Gas Co., 171 Okla. 406, 43 P. 2d 59.

Plaintiff stated that on August 26, 1945, he went to the offices of the defendant and told Dick Glover that he would like to help sell the property, and that Dick Glover told plaintiff that if he would send him a buyer defendant would give him half of the commission; that he then told Dick Glover that he had a buyer and told him the buyer was Jim De Priest. This raised an issue of fact. There is testimony of other witnesses tending to corroborate the testimony of plaintiff.

In Mulkey v. Anglin, 166 Okla. 8, 25 P. 2d 778, it is stated:

"In an action at law, tried to the court without a jury, the finding of the court will be given the same weight as the verdict of a jury; and where there is competent evidence reasonably supporting the judgment, and no error of law is shown, the judgment will not be disturbed on appeal."

We are of the opinion and hold that the evidence reasonably sustains the finding of the trial court that the plaintiff had an agreement with the defendant that if the plaintiff sent the defendant a purchaser he would be paid one-half of the commission; that he did, in pursuance of this contract, send a purchaser and that from all the facts and circumstances the trial court did not err in rendering judgment for the plaintiff.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, and GIBSON, JJ., concur.

