ROSE v. OEHME.

No. 33078.    April 13, 1948.

*192 P. 2d 641.*

A. M. Hendrix, of Sayre, for plaintiff in error.

Wise & Ivester, of Sayre, for defendant in error.

DAVISON, V.C.J.    This is an action to recover a real estate broker's commission for the sale of a farm.    The parties will be referred to as they appeared in the trial court.

Plaintiff, B. C. Rose, testified that he was a broker, and that about the 1st of April, 1945, the defendant, Paul Oehme, employed him to effect an exchange of defendant's farm for city property; that he took a Dr. Bonifield out to look at the farm and that he introduced defendant to Bonifield, who at that time had a home in Sayre, Okla., to trade, but that no trade was consummated; that about six months later, defendant orally employed him to sell the farm, agreeing to pay a commission therefor of five per cent of the sale price; that he again took Bonifield out to look at the farm where they saw and talked with defendant; that some two or three days later, as a result of this last meeting, Bonifield purchased the farm for $10,000 for which he was entitled to $500 commission.    Dr. Bonifield's testimony corroborated that of plaintiff as to his introduction to defendant and the trips to see the farm.

The sale was consummated and closed in the office of the attorney for Dr. Bonifield.    Plaintiff was not present at the closing of the deal.    Defendant testified that he had never listed his property with plaintiff to trade or to sell, and that plaintiff had no part in making the sale, nor was he given any right or authority to sell the farm.    The evidence was in direct conflict as to whether the defendant listed the property with or engaged the plaintiff to

sell same. Defendant's position was that, without solicitation on his part, plaintiff first brought Dr. Bonifield to the farm for the purpose of effecting a trade of the farm for certain residence property belonging to Bonifield; that plaintiff, on numerous occasions, pestered him by trying to trade various kinds of property for the farm, but that he never did engage plaintiff to sell the same, nor make any contract for plaintiff's services.

The case was tried to a jury, whose verdict was for defendant. For reversal, plaintiff insists that the judgment is contrary to the evidence. In order for plaintiff to recover, in a case of this kind, it is necessary that two essentials be established. In the case of Ludeman v. English, 78 Okla. 177, 189 P. 531, a number of the earlier cases are collected supporting the rule that:

"To entitle an agent to a commission there must be employment and the agent's services must be the effective cause of the bargain."

In the instant case, plaintiff relied upon an express contract, thus selecting the issue upon which he must succeed or fail. (King et al. v. Stephenson et al., 29 Okla. 29, 116 P. 183; J. L. Lemmon Co. v. Oppenheimer, 155 Okla. 209, 8 P. 2d 679.)

By bringing this action, plaintiff assumed the burden of proving the two elements: a contract with the defendant to sell, and a sale resulting from his efforts. Whether or not he had discharged this burden and whether or not his proof thereof was sufficiently rebutted by the testimony of the defendant, were questions of fact within the province of the jury to determine. These questions should be submitted to the jury under proper instructions and, when that is done, we are not at liberty to disturb the verdict if there is any competent evidence reasonably tending to support it. Harris v. Owenby, 58 Okla. 667, 160 P. 596.

In the case of Willson v. Phillips, 169 Okla. 268, 36 P. 2d 748, this court quoted from its former opinion in the case of Oklahoma Railway Co. v. Mount, 155 Okla. 275, 9 P. 2d 11, as follows:

". . .'Where sufficiency of evidence is challenged, question is whether, with certain admissions and eliminations, there is any competent evidence tending to support verdict.' "

In the case at bar, the material evidence was conflicting. The matter was submitted to the jury under instructions which were proper and, therefore, we are not at liberty to disturb the verdict.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.