HUGHES v. THORNTON.

No. 34346.  Feb. 26, 1952.

241 P. 2d 388.

B. C. Franklin, Tulsa, for plaintiff in error.

James S. Watson, Tulsa, for defendant in error.

PER CURIAM. Plaintiff entered into a written contract to purchase certain real estate from the defendant, containing the following provision:

"Second party shall have reasonable time to examine abstracts and if there are any requirements to be made after title has been quieted, First Party shall have reasonable time, if any, to meet these requirements. This contract shall be binding within seventy days or less, according to the quieting of title."

The plaintiff deposited $100 earnest money with defendant's agent. Thereafter, it became necessary that defendant quiet his title in order to meet the terms of the contract. Title was quieted and abstract tendered to the plaintiff for examination approximately four months after the date of the contract. The plaintiff refused to accept the abstract and demanded the return of his earnest money. Upon refusal of the defendant to return the earnest money, plaintiff sued for the deposit of $100. Defendant answered that time was not the essence of the contract and that the time of performance had been extended by oral agreement between plaintiff and defendant.

Upon the trial of the issues the jury returned a verdict for the plaintiff. The defendant filed a motion for a new trial and suggested therein, among other things, that the court erred in giving his instruction No. 4, to wit:

"You are instructed that whether or not the contract under consideration makes time the essence of the contract is a matter for you to determine, as well as whether or not there was an executed oral agreement modifying this contract and whether or not same was completed within a reasonable time."

The defendant also complained that the court erred in refusing to give the following instruction offered by the defendant, to wit:

"You are further instructed, Gentlemen of the Jury, that time is never considered as of essence of a contract, unless by its terms, expressly so provided, and in this connection, you are instructed that the contract under consideration does not make time the essence thereof and you are therefore to determine whether or not if there was an executed oral agreement the same was completed within a reasonable time."

There was some evidence that the plaintiff agreed to an extension of the time set forth in the contract within which the same could be consummated. Under the instructions given by the court, the jury was at liberty to return a judgment for the defendant had it believed that an extension had been granted orally by the plaintiff, and that the agreement for an extension was fully executed. The jury apparently felt that there was no executed agreement extending the time of the contract and found for the plaintiff. The instructions, it would appear, were more than fair to the defendant. The wording of the contract would appear to make time the essence thereof. Certainly, under the evidence, the court was more than fair to the defendant to instruct that what constitutes a reasonable time for the performance of the contract was question for the jury. Webb v. Moran, 186 Okla. 140, 96 P. 2d 308.

There was competent evidence to support the verdict of the jury and no prejudicial errors of law are shown in the instructions. Under the circumstances, the verdict could not be disturbed upon appeal. Rose v. Oehme, 200 Okla. 207, 192 P. 2d 641.

Judgment affirmed.

This court acknowledges the services of Attorneys Merton Bulla, Mart Brown, and John F. Butler, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.