Mack CARR, Plaintiff in Error,

v.

Mayme L. JENKINS, Executrix of the Estate of R. J. Jenkins, Deceased, and Ed Ward, Defendants in Error.

No. 37046.

Supreme Court of Oklahoma.

May 8, 1956.

James C. Hamill, Madill, and Charles R. Nesbitt, Oklahoma City, for plaintiff in error.

James W. Batchelor and Ralph B. Hodges, Durant, for defendants in error.

PER CURIAM.

Since the trial of this case the plaintiff, R. J. Jenkins, has died and said cause revived in Mayme L. Jenkins, Executrix of his estate. The Parties will be referred to as they appeared in the trial court.

Plaintiffs, real estate brokers in the City of Durant, Oklahoma, instituted this action in the District Court of Bryan County, the purpose of which was to recover a commission under an alleged oral contract with defendant for the sale of certain real estate situated in Atoka County. Plaintiffs in their petition allege that defendant, Mack Carr, orally employed and authorized them to sell certain described real estate and agreed to pay them as their commission five per cent of the sale price received for said land; that they obtained a buyer for said land, one Clay Johnson, Jr., who thereafter entered into a contract with the defendant for the purchase of said land for the sum of $95,000; that said sale was consummated and defendant was paid in full. They specifically allege that they have performed all conditions required of them by having obtained a buyer who was ready and willing to buy said real estate, and which buyer thereafter purchased same from defendant; that since consummation of the sale the defendant has failed, neg-

lected and refused to pay them the commission. Defendant filed his answer, the substance of which was a specific denial that he had ever at any time entered into a contract with plaintiffs whereby he agreed to pay a commission for the sale of said land, and averring that plaintiffs were in the employ of purchaser who had agreed to pay them for their services in the purchase by him of said land; that plaintiffs had specifically agreed with purchaser as to the amount to be paid them as their compensation; had agreed to accept said amount, and by their acceptance of purchaser's promise to pay for such service they had released the defendant from any claims which they might have against defendant through quantum meruit or otherwise.

The cause came on regularly for hearing to a jury, and after both parties had rested, upon motion of the plaintiffs, the court instructed the jury to return a verdict for the amount sued for, which verdict was returned into court, and judgment entered thereon. Motion for new trial was filed which was overruled. Defendant thereupon has perfected this appeal.

For reversal defendant presents three propositions of error. However, for the purpose of this opinion we will consider only his second proposition, viz:

> "The trial court erred in directing a verdict for plaintiffs at the conclusion of the evidence, and in entering judgment for plaintiffs on such directed verdict, for the reason that the evidence was in direct and substantial conflict upon material issues raised by the pleadings and evidence; which questions were solely for the determination of the jury."

The substance of plaintiffs' evidence was to the effect that they were real estate brokers; that they had showed several farms to one Clay Johnson, Jr.; that they learned that defendant's Blue Ribbon farm was for sale and contacted him through a banker in Durant; that defendant then called at their office in Durant where he talked to the plaintiff, Ed Ward, at which time he employed them to sell said farm and agreed to pay them a five per cent commission; that they informed Clay Johnson, Jr., of the availability of said farm and gave him the description; that unknown to them said Johnson then contacted defendant; that about two weeks after this first contact with defendant by Johnson said Johnson called the plaintiff Jenkins who met him at the county courthouse in Atoka; that Jenkins and Johnson then went to defendant's farm where they met defendant and went around over the land in defendant's pickup; that as a result of this last meeting Clay Johnson, Jr., purchased the farm for $95,000, for which plaintiffs were entitled to $4,750 commission.

The sale was consummated and closed in the office of an attorney, Roy Paul. Neither of said plaintiffs were present at the closing of the deal. Defendant testified in substance that he was contacted by letter from the banker in Durant; that he went to the office of plaintiffs merely for the purpose of telling them what he wanted for the place; that he did not at that time or any other time list his property with them for sale or agree to pay them any commission; that the purchaser, Clay Johnson, Jr., contacted him personally with reference to the sale of this property and later, in the company of Jenkins, whom he had never before seen, came to his place; that they drove around over the place and then went back to Atoka where they all had dinner; that at that time he informed the purchaser that he should have informed him at their first meeting that Jenkins and Ward had sent him out there; that if they were expecting a commission in the sale of the land it would be up to Johnson to pay it; that a sale price was agreed on between him and Johnson of $95,000 net to him; that he later entered into a contract with Johnson in which contract the following proviso was inserted:

> "It is further understood and agreed that the said buyer is to pay Jenkins and Ward their commission to be agreed upon or that has been previously agreed upon between the said buyer and Jenkins and Ward and to hold said

seller harmless of any claim or demand of Jenkins and Ward of said commission."

The purchaser, Johnson, corroborated defendant's testimony and further testified that he had an agreement with Jenkins that plaintiffs would accept the sum of $500 for their services rendered him by them. Roy Paul, the attorney, testified that Jenkins was in his office in Durant on another matter when he (Jenkins) received a telephone call from Johnson; that after this telephone call Jenkins informed him that he had agreed with Johnson to accept $500 for his services in connection with the sale of defendant's land to Johnson.

■ There are numerous cases in this jurisdiction supporting the rule that:

"To entitle an agent to a commission there must be employment, and the agent's services must be the effective cause of the bargain."

See Ludeman v. English, 78 Okl. 177, 189 P. 531, and cases therein cited.

■ In the instant case plaintiffs assumed the burden of proving the elements set forth by the above quoted rule. The question of whether or not they had discharged this burden and whether or not their evidence was sufficiently rebutted by the evidence of the defendant was a question for the jury to determine. Such question should have been submitted to the jury and was not for the court to determine. See Rose v. Oehme, 200 Okl. 207, 192 P.2d 641. We are of the opinion that the court committed prejudicial error in sustaining the motion for a directed verdict and then directing a verdict for the plaintiffs.

The judgment of the trial court is therefore reversed with directions to said court to set it and the verdict aside and grant defendant a new trial.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed, and approved by J. W. Crawford and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

CORN, J., dissents.