### MESSICK v. JOHNSON.

No. 24452.    Feb. 20, 1934.

Rehearing Denied March 13, 1934.

Sigler & Jackson, for plaintiff in error.

J. B. Champion, Stephen Treadwell, and Geo. N. Otey, for defendant in error.

BAYLESS, J. R. M. Messick, hereinafter referred to as plaintiff, brought suit in the district court of Carter county, Okla.,

against Roy M. Johnson, hereinafter referred to as defendant, for the sum of $4,536.92, with interest.

Plaintiff's cause of action was based on a contract and supplemental agreement hereinafter set forth:

"Agreement—Ardmore, Okla., Nov. 17, 1926. I, Roy M. Johnson, of Ardmore, Okla., hereby retain Robert M. Messick, of Kansas City, Mo., to make an audit, valuation and abstract of all life insurance policy contracts I have or am otherwise interested in, and to counsel and advise me for one year from date hereof to reducing the cost of my life insurance estate without diminishing the amount of duration of the adjusted aggregate net estate involved in the audit. As compensation therefor, I agree to pay an amount equal to one and one-fourth ($1\frac{1}{4}$) of a future annual saving or deduction in net cost as shown, and verified by the said abstract; one half of the compensation to be paid upon the completion and verification of the abstract with the agreed settlement of the company, and the other half on or before one year from date hereof, with interest at 6% per annum.

"Each policy involved is to form a material part of the audit and abstract, and the insurance company is accepted and held liable only as evidenced by its contract obligation. The audit and valuation to be computed as five per cent. (5%) interest, the policy contract provisions to the contrary notwithstanding. No charge is to be made for the service on any policy where the insurance appears to be without excess cost computed as herein provided at any attained age of the insured. The abstract and advised adjustment procedure are to conform to present day developments in life insurance practices without requiring court action.

"Date of birth July 11, 1881. This valuation and audit to be computed at age 45 upon present existing conditions for a standard insurance risk.

"I pay herewith $100 as a retainer, and for credit hereon, which amount is to be promptly returned subject to the above provisions.

"Roy M. Johnson, Insured.

"Accepted: R. M. Messick, Actuary and Counselor.

"Abstract delivered Dec. 23, 1926. Anl. savings $4,429.54. Fee $5,536.92. Paid $900.00 1-10. Bal. Due Nov. 17, 1928, $4,809.13, including 6% interest.

"November 17, 1926.
"Mr. Robt. M. Messick,
"Kansas City, Missouri.
"Dear Sir:

"Whereas, an agreement has been entered into this day between yourself and myself covering the auditing and making abstract of recommendations on my various insurance policies with a view of making a substantial savings to me in annual premiums:

"It is understood that in the event I do not carry out the recommendations made by you in regards to the savings on my annual premium payments, I hereby agree to pay you $900 additional upon the completion of this abstract, making a total of $1,000 in order that you may be reimbursed for the time, work, and expense required in making a detailed audit and recommendation contemplated.

"This contract is to cover all insurance at present in force on my life.

"It is further understood that in the event I shall elect at some time in the future to put into effect the savings recommended by you, that you are to have the fee as set out in the contract of even date herewith, less $1,000 heretofore paid you.

"Very truly yours,
"Roy M. Johnson.
"RMJ:C
"Accepted: R. M. Messick."

Plaintiff in his petition alleges that he had completed the abstract referred to in said contract, and that an annual savings of $4,429.54 was effected; that, under the provisions of the contract, he was entitled to the sum of one and one-fourth ($1\frac{1}{4}$) times said saving, or the sum of $5,536.92, and that there had been paid thereon the sum of $1,000.

Plaintiff further alleges that he had performed "all of his part of said obligation and contract, and that the defendant has received said abstract and has acted upon the same and accepted the same, and that the amount shown above is the correct and proper amount which is due said plaintiff, and that said defendant is justly due and owing said plaintiff said sum of money."

The defendant in his answer admits the execution of said contract and supplemental agreement, but denies that plaintiff had performed his part of said agreement; denying that there had been any saving or reduction, annually or otherwise, in the net cost, to said defendant; defendant also alleges that the consideration for said contract had failed, and on the advice of plaintiff the defendant had taken out new policies as advised by plaintiff, but that the cost on the new policies had resulted in no future annual savings or reductions in the net cost thereof.

To which answer the plaintiff filed a general denial.

The plaintiff introduced in evidence several letters written by the defendant to plaintiff, one letter being dated January 10, 1927, inclosing $900, and in effect stating that he was in the process of canceling his insurance, and that he would send another check on account when he had received settlement from the companies.

Defendant also sent a letter to the plaintiff dated January 20, 1927, advising plaintiff of his progress in canceling his old policies. He also sent to defendant a letter of recommendation dated February 15, 1927, addressed "To Whom It May Concern," wherein defendant in substance stated that as a result of plaintiff's recommendation he had cashed in on his old policies for $57,-000, and that he had the same protection at a substantial reduction in premiums. Defendant also wrote a letter dated July 15, 1927, as follows:

"July 15, 1927

"Mr. R. M. Messick,

"Box 605,

"Denver, Colo.

"Dear Mr. Messick:

"I have your letter of the 12th inst. in regard to various matters.

"In the first place, due to the fact that the price of oil is just one-half of what it was in February, I am not now in position to take on additional investments, no matter how good they look. Any cash I can squeeze hold of I want to put into oil properties while the price is low.

"Referring to making additional payment at this time, the reasons set out above would preclude my being able to do so just now. In short, the oil industry looks awfully bad, and with new fields on the horizon, I do not see any chance for betterment.

"You say you would make a liberal discount if balance were paid. What would you refer to as a liberal discount. Furthermore, you and I will have to get our feet together under the table to agree on balance that is due. In view of the fact that a number of my old policies were 20-year policies that in the course of a few years would be paid, would have to be considered, as well as the amount of annual premiums being saved for in a few years the premiums would cease on the other policies, whereas under the straight life plan, premiums continue for the rest of my life.

"Sincerely yours,

"Roy M. Johnson."

The defendant in explanation of said letters testified that he thought at the time said letters were written that he had effected a savings, but later, and after studying the new policies as recommended by the plaintiff, he realized that instead of effecting a savings in his insurance he had sustained a substantial loss.

The defendant introduced evidence establishing the fact that, instead of effecting a savings by taking out the new insurance policies as recommended by the plaintiff, he had sustained a loss, which evidence was controverted by plaintiff.

The cause was submitted to a jury, and the jury returned a verdict in favor of the defendant.

The plaintiff prosecutes this appeal and presents his assignment of error under three propositions.

Plaintiff contends under his first proposition that, under the terms of the supplemental contract, if the defendant followed the directions of the abstract and took out additional insurance pursuant thereto, the defendant was bound for the amount therein stated regardless of the savings effected.

Plaintiff for his second proposition urges that the defendant was estopped to deny the savings referred to in the principal contract by reason of the execution of the supplemental agreement wherein it was provided as follows:

"It is further understood that in the event I shall elect at some time in the future to put into effect the savings recommended by you, that you are to have the fee as set out in the contract of even date herewith, less the $1,000 heretofore paid."

And that the defendant having acted upon the assumption that there was a savings as noted on the original contract, he is now estopped to claim that no savings were effected on the new policies.

Plaintiff for his third proposition urges if there is an ambiguity or uncertainty in the supplemental agreement, that having been written by the defendant, it will be more strictly construed against the defendant.

We shall discuss all three propositions together.

The defendant contends that, since the evidence on the part of defendant discloses that no savings were effected by reason of the defendant's taking out new insurance policies and canceling his old ones, the consideration for the contract thereby failed, and also that plaintiff had not performed his part of said agreement.

From an examination of the contract and supplemental agreement, we are forced to the conclusion that the consideration for de-

fendant's execution of contract was the savings to be effected. Therefore, in our opinion, if no savings were effected by the defendant in following the suggestions contained in the abstract furnished by the plaintiff, in our opinion, the plaintiff had not performed his part of the contract according to the terms thereof.

The trial court by proper instructions submitted to the jury the issue as to whether or not a savings was effected by reason of the defendant taking out the new insurance policies, and the jury by their verdict in effect found this issue in favor of the defendant. In our opinion, the rule of law as stated in R. C. L. 951:

"It is a general rule of law that a contract must be performed according to the terms of the agreement before a party can have any right of action"

—is applicable.

The issue of whether or not there was a savings effected having been passed on by the jury under proper instructions, we repeat what we said in Metropolitan Life Insurance Co. v. Eoff, 146 Okla. 193, 293 P. 1025:

"Where a verdict of the jury is supported by competent evidence, the same will not be disturbed by this court on appeal."

The plaintiff seriously contends that, since the defendant followed the suggestions as contained in the abstract furnished by the plaintiff, after having had an opportunity to examine the same, and having agreed that there was a savings effected, and agreeing that he had effected a savings in his insurance, said defendant is now estopped from denying that a savings had been effected, and that the letters written by the defendant admitting the savings as set out in plaintiff's abstract estops defendant from denying that any savings were effected.

Plaintiff contends that the trial court committed error in not submitting this issue to the jury under his requested instructions.

From an examination of the contract itself, it is to be observed that the plaintiff represented himself to be an expert on life insurance, and, as above stated, the principal object for the execution of the contract was to effect a savings to the defendant. While the letters tend to establish defendant's satisfaction with the abstract, yet we are not willing to hold that they should be construed as constituting an estoppel against said defendant in view of defendant's explanation for writing them, since the testimony of the expert witnesses who testified concerning the policies disclosed that the abstract furnished by the plaintiff was of a technical nature and not easily understood by the average layman who had not made a study of life insurance.

The defendant testified that at the time the letters were written, he had relied upon plaintiff's suggestions and was of the opinion that the new policies effected a substantial savings, but that later he came to the conclusion that the recommendations of plaintiff were erroneous, and offered to leave it to insurance experts as to whether a savings had been effected, which offer was refused by plaintiff.

Under the circumstances in this case, since the contract and the supplemental agreement contained in the letter were executed at the same time and on the same day, we hold that the rule announced in Graves et al. v. Nichlos, 151 Okla. 27, 1 P. (2d) 808:

"Two written instruments executed on the same day and at the same time and as a part of the same transaction, should be construed together as one contract"

—is applicable.

We therefore hold, as a matter of law, as applied to the facts in this case, that the defendant was not estopped from defending on the ground that no savings were effected when such statements were made by reason of reliance on the abstract furnished by plaintiff—which abstract, in effect, as determined by the jury, was erroneous.

As to defendant's third proposition, having determined that plaintiff is not entitled to recover, the question of whether there was an ambiguity in the contract becomes immaterial.

For the reasons above stated, the judgment is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur.