## WILLIAMS, Ex'x, v. SEMINOLE COUNTY OIL & GAS CO.

No. 24723. March 19, 1935.

Rehearing Denied April 9, 1935.

Arthur B. Honnold and R. J. Roberts, for plaintiff in error.

V. R. Biggers, A. A. Criswell, and S. W. Biggers, for defendant in error.

PER CURIAM. This action was brought by B. F. Williams to recover from Semi-nole County Oil & Gas Company, a corporation, the sum of $20,000, alleged to be due him as a commission under a sale contract. Before trial, Williams died, and the cause was revived in the name of Clare Williams, executrix of his estate.

The contract relied upon for recovery in this case reads as follows:

"This agreement made and entered into this the 2nd day of June, 1930, by and between B. F. Williams of Tulsa, Okla., and the Seminole County Oil & Gas Company, a corporation.

"Witnesseth as follows:

"Whereas, the Seminole County Oil & Gas Company desires to sell and dispose of its properties situated in and about the towns of Konawa, Asher, Wanette, and Sacred Heart, in the state of Oklahoma, and

"Whereas, to confirm understanding between parties hereto, it is further agreed that the Seminole County Oil & Gas Company shall pay to B. F. Williams the sum of twenty thousand dollars ($20,000) for compensation of services for negotiations of sale of such properties to L. J. Troy and Roy Morris of Chicago, Ill., through Paul I. Johnston of Tulsa, Okla., and C. F. Skillman of Bloomington, Ill., escrow agreement this day deposited with the Oklahoma State Bank of Konawa, Okla., said amount above mentioned shall also be supplemented by an additional sum of money that shall result from the difference of deposits for meters held by this company on date of consummation of this deal and ten thousand dollars. All such amounts to become due and payable the date of consummation of this deal.

"This agreement shall and does nullify all former written and verbal understandings of any and all former understandings of any nature, whatsoever, with all parties concerned, as to commissions payable in this deal.

"Witness, signature of parties,

"Seminole County Oil & Gas Company.

"By R. H. Kilgo, V. P."

On the same day the above contract was executed, the following sale contract or option agreement was entered into between the Seminole County Oil & Gas Company and L. J. Troy and R. H. Morris, to wit:

"Konawa, Oklahoma,
"June 2nd, 1930.

"Mr. L. J. Troy and
"Roy H. Morris
"Bankers Buildings,
"Chicago, Illinois.

"Dear Sirs.

"This letter is in verification of our ne-

gotiations through Mr. B. F. Williams of Tulsa, Okla., pertaining to the purchase of the properties and business of the Seminole County Oil & Gas Company, an Oklahoma corporation, for the purchase price of two hundred thousand dollars ($200,000), in cash, said property and business consisting of all the assets of Seminole County Oil & Gas Company in and near the towns of Konawa, Asher, Wanette and Sacred Heart in the state of Oklahoma, and described in greater detail in the attached records. Statements are also attached herewith showing the business transacted by this company in these towns during the period of time, beginning April 1, 1929 and ending March 31, 1930. Said property to be delivered free and clear of legal entanglements and debts.

"For in the consideration of twenty-five hundred dollars ($2,500) cash deposited in escrow in the Oklahoma State Bank in the town of Konawa, Okla., we hereby grant an exclusive option and agree to sell to you for a period of time ending on or before August 5, 1930. It is understood that when this transaction is consummated, the Seminole County Oil & Gas Company, shall apply the said consideration of twenty-five hundred dollars ($2,500) as a part of the purchase price. The remaining one hundred and ninety-seven thousand five hundred dollars ($197,500) to be paid on or before August 5, 1930.

"In the event that you do not find everything to be as represented by us, and set forth in the attached statements, said deposit shall be returned to you upon presentation of sufficient proof, but, if for any other reason you fail to consummate the transaction at the expiration of the above period of time, the said amount of twenty five hundred dollars ($2,500) shall be considered as a forfeit to the Seminole County Oil & Gas Company.

"We pledge you that it will be expected that we shall assist in every way your accountants and engineers in reaching all the facts pertaining to the company and its business transactions upon request.

"Very truly yours,

"Seminole County Oil & Gas Company, a Corporation.

"------------------------------------
President.

"R. H. Kilgo, V. P. & Mag.

"(Seal).

"Attest: D. A. Killingsworth.
Secretary

"Accepted. L. J. Troy

"Roy H. Morris.

"N. B.

"This letter of agreement has been au-

thorized and approved unanimously by our board of directors and stockholders.

"R. H. Kilgo
"D. A. Killingsworth."

Attached to this latter agreement was a statement purporting to show the volume of business transacted by Seminole County Oil & Gas Company for the period beginning April 1, 1929, and ending March 1, 1930, together with the names of communities served, number of meters in use, pipe lines, investments and assets. It is conceded by all parties that this statement was inaccurate, false and misleading and that as a result, the "deal" mentioned in the first contract set forth above was never consummated. It was alleged by the plaintiff that the misrepresentations in said statement were made by the defendant, and that but for such acts on the part of the defendant the "deal" would have been consummated, and that the plaintiff had fully performed his part of the contract, and that therefore the compensation named in said contract was earned. The defendant admitted the contract, the sale agreement or option and the statement attached thereto, but alleged that this statement had been prepared by B. F. Williams personally, and after he had represented himself to be competent and capable of preparing the same and that it had been submitted to them as true and correct, and that they had executed the same relying on the truth of the statements made by B. F. Williams to them and without knowledge of its falsity, and that when the truth was learned the escrow money was returned to the would-be purchasers, and the "deal" was called off, and never consummated, and therefore deny owing anything to the defendant.

The evidence at the trial was brief and conflicting only on the question as to whether the defendant or B. F. Williams was responsible for the errors or misstatements contained in the statement prepared for the prospective purchaser. It is uncontradicted that had this statement been true, then and in that event the "deal" would have been consummated.

The sole question then is, whether or not under these facts the plaintiff was entitled to the $20,000 commission.

The cause was tried to the court without a jury, resulting in a judgment for the defendant, and the plaintiff appeals. The parties will be referred to herein as in the trial court.

The plaintiff makes two assignments of error, to wit:

"(1) The court erred in overruling the motion of the plaintiff in error for a new trial. (2) The court erred in refusing and failing to enter judgment in behalf of plaintiff in error upon the record evidence introduced and the admission made by the defendant in error at the trial."

As said in Messick v. Johnson, 167 Okla. 463, 30 P. (2d) 176:

"Under the circumstances in this case, since the contract and the supplemental agreement contained in the letter were executed at the same time and on the same day, we hold that the rule announced in Graves et al. v. Nichlos, 151 Okla. 27, 1 P. (2d) 708: 'Two written instruments executed on the same day and at the same time and as a part of the same transaction, should be construed together as one contract' is applicable"

—it will be observed that the contract between the parties was not one for the employment of a broker generally, but provides for the sale of properties to certain specific individuals named therein, and that the sale contract or option agreement was made with these specific individuals. Therefore, we hold that these contracts are to be construed together in determining the rights of the respective parties. It will be observed that in the original contract between the plaintiff and the defendant, it is expressly provided that the compensation named therein shall become due and payable the date of consummation of the "deal" therein provided, and that the agreement between the prospective purchasers and the defendant provides that "in the event you do not find everything to be as represented by us, and set forth in the attached statements, said deposit shall be returned to you upon presentation of sufficient proof." There was evidence, which, if believed, would place the blame upon the plaintiff for the failure to consummate the "deal." This being a law action as said in Ward v. Mc-Kenney, 151 Okla. 242, 4 P. (2d) 108:

"In a law action, where a jury is waived, and the cause tried to the court, the judgment of the trial court will not be disturbed on appeal where there is any evidence reasonably tending to support such finding and judgment"

—but it is the contention of the plaintiff herein that she is entitled to recover as a matter of law. As previously observed, the contract sued upon expressly provides that the compensation named therein was for services in negotiating a sale to specific parties named and should become due and payable the date of consummation of such "deal."

This court has repeatedly held that in cases such as this, the broker's right to a commission or compensation is generally governed by the contract between the seller and the broker. See Hopkins v. Settles, 46 Okla. 801, 149 P. 890; Wasson v. Clymer, 112 Okla. 59, 240 P. 314; McComas v. Smith, 151 Okla. 193, 3 P. (2d) 213; Lemmon Company v. Oppenheimer, 155 Okla. 209, 8 P. (2d) 679; and Sanders v. Matthews, 157 Okla. 223, 12 P. (2d) 873.

In McComas v. Smith, supra, the authorities are reviewed at length, and the court therein quotes with approval from Smith v. Post, 167 Cal. 69, 138 P. 705, as follows:

"'Equally indisputable is the fact that defendant did not employ plaintiff generally as a broker to secure a purchaser for his property. He agreed to pay him commissions for a contemplated specific sale to Mrs. Bilhorn or to her nominees, upon specific terms of sale clearly set forth in writing.'

"The court there held that the broker could not recover because of the failure of a customer to pay the $100,000, and this whether the contract was treated as an option or as an executory contract of sale."

So here the contract relied upon by plaintiff provides for a sale to particular named individuals, and provides further that payment shall be due when the "deal" has been consummated. The contingency provided never happened and the rule laid down in Hinds v. Henry, 36 N. J. L. 328, as quoted with approval by this court in McComas v. Smith, supra, as follows:

"In an action for the payment of money on a contingency, the pleader must aver, and it must be proved, that the contingency has happened, or that performance was prevented by the other party by some willful or fraudulent act, in violation of his own undertaking, express or implied"

—applies.

Plaintiff in error cites a number of authorities on the general right of a broker to recover a commission, and with the rule announced in those authorities we are in accord, but they do not apply to the case at bar, but rather it is governed by the authorities which we have set forth above. It is fundamental that no one may take advantage of his own wrong and no authorities are necessary in support of this state-

ment. Therefore, if the failure to complete the sale was due to a false, inaccurate or misleading statement made by the plaintiff, whether the same was intentional or not, he could not recover. This was a question of fact and has been resolved by the trial court adversely to the plaintiff. We are bound thereby. Finding no error in the record, and the law being in favor of the defendant under the record presented, the judgment of the trial court should be affirmed.

The Supreme Court acknowledges the aid of Attorneys P. W. Holtzendorff, Frank E. Ertell, and J. Wood Glass in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Holtzendorff, and approved by Mr. Ertell and Mr. Glass, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur.