**McCULLY et al. v. McCULLY et al.**

No. 27979.    Jan. 24, 1939.

R. F. Shutler and C. Everett Murphy, for plaintiffs in error.

E. S. Lowther and Henry S. Johnston, for defendants in error.

RILEY, J. This is an appeal from a judgment of the district court of Logan

county. The position of the parties here is the reverse of that which they occupied in the trial court. As a matter of convenience we will hereafter refer to them in the same order as they appeared in the trial court.

The action was first brought by Emma G. McCully, as plaintiff, against Eli McCully, as defendant, to recover a money judgment on a promissory note. Service had upon the aforesaid defendant was quashed. The plaintiff then amended her petition so as to make Stella M. McCully, Urmell S. McCully, and Shell Petroleum Corporation additional defendants in the action, and in addition to a money judgment against Eli McCully sought to establish an equitable trust in certain oil royalty interest in certain land in Logan county and to have the interest of Urmell S. McCully, which he had acquired from his codefendants under a mineral deed to said lands, to be decreed subordinate to said trust. The plaintiff based her right to maintain the action upon a note which reads as follows:

"Hennessey, Okla.
"Dec. 29, 1932—$7500.00.

"Ten years after date, I, we, or either one, for value received as principal, jointly and severally, promise to pay to the order of Emma G. McCully, Seventy-five hundred dollars at the Farmers & Merchants National Bank, with interest at the rate of 5 per cent per annum from date payable annually. An Attorney's fee of 10 per cent of the principal of this note to be paid if collected by an attorney. Eli McCully."

And certain articles of agreement which read as follows:

"These articles of agreement made this 29th day of December by and between, Eli McCully, party of the first part, and his mother, Emma G. McCully, party of the second part, witnesseth:—

"That whereas, party of the first part has this day executed a promissory note for the principal sum of $7,500, due in ten years from date, with interest at five per cent from date, for value received, and payable to second party, and

"Whereas, first party desires to pay this note out of the proceeds of his share of oil and gas royalty obtained from the S. E. ¼ Sec. 30, township 19 N., range 4, W. I. M.

"Therefore, it is hereby agreed by and between both parties to this contract, that first party shall hereafter pay to second party the one-half ½ of all such proceeds for oil and gas royalty, that he may hereafter receive, and such payments shall continue until the entire debt is liquidated. It being specially agreed and understood that

if note has not been fully paid and discharged on or before ten years from this date, that such proceeds of the royalty shall continue to be paid to second party or her administrators or assigns until such debt has been fully paid and satisfied.

"This agreement it is hereby agreed shall be attached to and become a part of the above said note, and is fully binding on the heirs, administrators and assigns of both parties hereto.

"In witness whereof we have hereunto placed our hands and seals this 29th day of December, 1932, Eli B. McCully, first party, Emma G. McCully, second party, Charles McCully."

The defendants to the action were all nonresidents of Logan county. The individual defendants were residents of Kingfisher county. Summonses issued out of Logan county were served upon them in the county of their residence. The corporate defendant was a foreign corporation and summons was served upon its service agent in Oklahoma county. The individual defendants appeared specially and challenged the jurisdiction of the district court of Logan county over their persons for the reason that the action was a transitory one and therefore could be maintained only either in the county of the residence of said defendants or in some county in which they might be lawfully summoned, and they specifically advised the court that they had not been so summoned. When the special appearance and motion to quash of said defendants was overruled, they saved an exception to the action of the court and thereafter defended the action without seeking any affirmative relief. The Shell Petroleum Corporation filed an answer in the action in the nature of a bill of interpleader admitting that it was the owner of an oil and gas lease on the S. E. ¼ of section 30, township 19 north, range 4 west, in Logan county, and that it had paid certain royalties in connection with the operation of said lease to the defendant Eli McCully, and that it was holding certain other small sums to the credit of said defendant and his codefendant, Urmell S. McCully, which it stood ready to pay to whomsoever the court should direct. Trial was had to the court without the intervention of a jury. The parties omitted to introduce any testimony, and in effect submitted the matter to the court in the same manner as if the parties had each moved for judgment on the pleadings. Upon the record thus made, the court found that the interest on the note was payable annually, and that the agreement between Eli McCully and Emma G. McCully had created a trust in favor of the

said Emma G. McCully to the one-half of the royalty and payments arising from oil and gas operations in the S. E. ¼ of section 30, township 19 N., range 4 W., and that the mineral deed which had been executed in favor of Urmell S. McCully, while valid between the parties, was subordinate to the trust found to exist in favor of the plaintiff, and thereupon gave the plaintiff a personal judgment against Eli McCully for the sum of $466.94, with interest thereon at 6 per cent. per annum from December 29, 1934, and impressed the proceeds from the one-half royalty with an equitable lien until the entire indebtedness evidenced by the note should be paid. The defendants Eli McCully, Stella M. McCully, and Urmell S. McCully appeal, and assign a number of specifications of error which they present and discuss under several propositions. As we view the record, however, the vital question presented is whether action of the plaintiff was one in personam or one in rem. It will be noted that the plaintiff based her right to recovery on the above-mentioned note and articles of agreement. It appears that these instruments were executed at the same time and as a part and parcel of the same transaction. They are therefore to be construed together as one contract. Graves v. Nichlos, 151 Okla. 27, 1 P.2d 708; Mesick v. Johnson, 167 Okla. 463, 30 P.2d 176; Williams, Ex'x, v. Seminole County Oil & Gas Co., 171 Okla. 406, 43 P.2d 59.

The two instruments, considered as a single contract, amount merely to a promise to pay a sum certain, at a certain time, with interest of 5 per cent. per annum, payable annually, with the statement that the maker of the note desires to pay same out of the proceeds of his share of the royalty obtained from the tract of land therein described, and the further promise to thereafter pay to the payee one-half of all such proceeds for oil and gas royalty that he might thereafter receive, such payments to continue until the entire debt is liquidated. Such payment to continue after the due date of the note if it was not paid in full at or before that date.

Thereby Eli McCully, in effect, pledged his unaccrued royalty to be derived from the land described to the payment of this particular indebtedness. The question then arises: Did he thereby in effect pledge an interest in real estate?

This requires an inquiry into the question whether royalty provided for in the ordinary oil and gas lease is personal property or a part of the real estate.

In United States v. Noble, 237 U. S. 74, 59 L. Ed. 844, 35 S. Ct. 532, it is said:

"The rents and royalties were profit issuing out of the land. When they accrued, they became personal property; but rents and royalties to accrue were a part of the estate remaining in the lessor. As such, they would pass to his heirs, and not to his personal representatives."

To the same effect is Cuff v. Koslosky, 165 Okla. 135, 25 P.2d 290, wherein the court quotes with approval the above statement in United States v. Noble, supra. In the Cuff Case, the court, after stating that the ordinary, usual, and effective method to operate or prospect for oil and gas is under an oil and gas mining lease, says:

"Under such a plan, there is usually a provision as to the payment of future rentals and unaccrued royalties in the event oil and gas are found. There seems no apparent reason why this property should not be held, conveyed, and transmitted by will or inheritance as a separate estate, especially in so far as it relates to the unaccrued rentals and unaccrued royalties provided for in an existing oil and gas lease to which the mineral deed may be subject."

It may be noted that in United States v. Noble, it is said that unaccrued rents and royalties would pass to the heirs of the lessor and not to his personal representative. The reason is that unaccrued royalty is real and not personal property.

It may be suggested that in this case Eli McCully did not pledge his "royalty interest" in the land itself, but merely agreed to pay one-half of "all such proceeds for oil and gas royalty that he may hereafter receive," etc., and that the pledging, if any, was only a pledge of future receipts as and when received.

A contention somewhat similar to this suggestion was made in United States v. Noble, supra. Therein it is said:

"It is said that the leases contemplated the payment of sums of money, equal to the agreed percentage of the market value of the minerals, and thus that the assignment was of these moneys; but the fact that rent is to be paid in money does not make it any the less a profit issuing out of the land."

So it would seem that in this case the fact that he agreed to pay in money rather than in "royalty" did not make it any the less an agreement to pay out of a profit issuing from the land. The fact that the agreement is to extend over a period of ten years and longer, if the indebtedness be not sooner paid in full, shows that payment out of fu-

ture or unaccrued royalty was intended. It is clear, then, that if any pledge of this royalty was intended, it amounted to a pledge of an interest in real estate.

Counsel for defendants in open court, in his opening statement, virtually conceded that the agreement was binding as a pledge of or lien upon the particular royalty. He stated in part:

"When he conveyed this to his son, they had this understanding, and his son knows under the terms of this contract these payments will be kept up."

This was also an admission that the son, Urmell McCully, had notice of the agreement and its terms, and had in effect agreed to carry it out.

Further on in the statement he said:

"We, personally, if it is satisfactory with counsel, we want to be fair, we are not in this court to try to defraud anybody. Mr. McCully here has always been ready to live up to his agreement. If it would satisfy them now, we would have no objection to impressing this particular piece of royalty with this lien for the payment of this note and have the company pay it direct to her, if that will satisfy them."

In her second cause of action plaintiff sought the cancellation of the mineral deed from Eli McCully, the maker of the note, to Urmell McCully, his son, purporting to convey the royalty interest in the land mentioned in the agreement; at least, in so far as it affected his right to receive one-half of the royalty as payment upon his note. Of course, if the conveyance was good, Eli could not thereafter receive any "royalty," for the right to receive it would have passed to his son. She had a right to seek the cancellation of the instrument in so far as it affected her rights. An interest in the real estate being involved, we hold that the action was properly commenced in Logan county wherein the land is located.

The trial court found and held that there was $750 accrued interest on the note; that of this, plaintiff had been paid $283.06, and that there remained interest due in the sum of $466.94, for which judgment was entered against Eli McCully.

He contends that there was error in this in that the note and agreement, construed together and as one contract, provided merely for payment of the note and interest out of the proceeds from one-half of the royalty, etc., and that plaintiff had thereby agreed to look to such special fund or special source only for the payment of the

note, and that the maker was liable on the note only to the extent of the amount that one-half of the defendant's royalty from the land described might produce.

In support of this contention defendant cites West v. Anderson et al., 171 Okla. 165, 42 P.2d 543. There it is held that where payment of indebtedness is by written contract confined to proceeds to be obtained from the sale of oil and gas, such method of payment is exclusive and the debtor is relieved of all personal obligation therefor.

Examination of that case will disclose an entirely different contract from the one here involved. There the creditors, according to the recitation in the written contract, had agreed "to take their pay from the sale of gas from said wells," naming them. Here there is no such agreement. The agreement does provide that Eli McCully desired to pay the note out of the proceeds of his share of oil and gas royalties. Nowhere in the agreement does the plaintiff agree to look alone to such proceeds of said royalty. She made no agreement so to do.

There was no error in allowing judgment for the balance of the past due interest.

The judgment and decree of the trial court does not cancel the mineral deed, but holds it to be subject to the payment to the plaintiff of one-half of the proceeds from the royalty mentioned.

There being no substantial error the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DAVISON, JJ., concur.