**R. L. HANCOCK and Mrs. R. L. Hancock, Same as Ruby May Hancock, Plaintiffs in Error,**

**v.**

**FARMERS MILL and ELEVATOR COMPANY, a Co-operative Association, Defendant in Error.**

**No. 36605.**

Supreme Court of Oklahoma.

May 17, 1955.

Rehearing Denied July 5, 1955.

H. F. Fulling, Tulsa, for plaintiffs in error.

George B. Schwabe, Jr., Floyd L. Walker, Tulsa, for defendant in error.

JOHNSON, Chief Justice.

The parties will be referred to as they appeared in the trial court.

Farmers Mill and Elevator Company, a co-operative association, brought an action in the Court of Common Pleas of Tulsa County, Oklahoma, against R. L. Hancock and Mrs. R. L. Hancock, same as Ruby May Hancock, and recovered judgment for $636.23 on an open account from which no appeal was taken. The judgment was not paid, and execution was issued to and returned by the Sheriff with notation, "No property found". On June 30th plaintiff filed in said cause an application for the appointment of a receiver (in the aid of execution) to take charge of all oil and gas

owned by Ruby May Hancock produced from S2 of the SW4 of Sec. 36, Township 22 N, R. 12 E., Tulsa County, Oklahoma, which was the family's constitutional homestead. Upon hearing the application was granted and Gordon Patton was appointed receiver to take charge of the oil produced from said property and apply the proceeds of sale to the payment of the debt. On July 16, 1954, motion for new trial was filed. Also, on July 22, they filed their motion to vacate this appointment of receiver and on July 23, 1954, they filed their motion to discharge the garnishment. The Court overruled all the motions, and ordered the Bigheart Pipe Line Corporation, garnishee, to pay to the receiver the 1/8th royalty interest of Ruby May Hancock in all oil produced from her property, the family homestead. To which ruling, defendants objected, excepted and appealed.

There are no disputed facts. The defendant's answer and response raises only a question of law as to whether oil and gas produced and severed from the constitutional homestead is exempt from forced sale, levy and execution.

■ We are of the opinion that accrued royalty arising under an ordinary oil and gas lease is personal property, see McCully v. McCully, 184 Okl. 264, 86 P.2d 786, and authorities therein cited and relied upon, and is not, in the instant case, a specie of personal property exempt from forced sale, levy and execution under 31 O.S.1951 § 1.

■ The argument of defendants that accrued royalty from a homestead has the same legal exempt status as does the proceeds of sale of a homestead, which is retained for reinvestment in another homestead, is untenable. The oil and gas after severance, being personal property, the rights and privileges concerning same are determined by the laws relative to personal property in general.

The judgment is affirmed.