**Dr. Frank A. GILBERT et al., Appellants,**

v.

**UNION COLLEGE, Appellee.**

Court of Appeals of Kentucky.

March 3, 1961.

Earl L. Cole, Barbourville, for appellants.

R. Lee Blackwell, Bullitt, Dawson & Tarrant, Louisville, for appellee.

MILLIKEN, Judge.

This appeal involves the application of the 1960 Perpetuities Act (Chapter 167, Acts of 1960, now KRS Chapter 381) to various provisions in deeds or contracts for the sale of lots for the erection of homes for faculty members on the Union College campus at Barbourville. A housing shortage in the City and a money shortage at the College combined to create inadequate housing for the College faculty with resultant dissatisfaction and threatened loss of valuable faculty members to other educational institutions. To remedy the condition, the College authorities proposed a faculty housing program for the spacious campus with lots to be sold to faculty members at nominal cost if they in turn would finance and construct homes thereon. In order to prevent the homes thus constructed from ultimately falling into the hands of persons not affiliated with the College, a number of repurchase options were drafted and inserted in the proposed conveyance to the appellants, Dr. Frank A. Gilbert, professor of biology at the College, and his wife. The appealed judgment found that the options did not violate the rule against unreasonable restraint or the rule against perpetuities.

The deed reserves to Union College, its successors and assigns, the following repurchase options:

"(1) The termination of Mr. Gilbert's employment * * * unless such

termination is the result of or caused by his retirement on account of his age or condition of his health or of his death, and such Option may be exercised thereafter any time within 120 days after such termination;

"(2) The termination of such employment on account of Mr. Gilbert's age or the condition of his health, if such termination shall occur before he shall have attained the age of sixty years and he shall not have served in such employment for as long as 20 years prior to such termination, and such option may be exercised thereafter any time within one year after such termination;

"(3) The termination of such employment on account of Mr. Gilbert's death and he leaves surviving him any widow of his who shall not within 120 days after his death give * * * written notice that she wishes to continue to occupy such real estate as her personal residence, and such Option may be exercised thereafter any time within 180 days after such termination;

"(4) The termination of such employment on account of Mr. Gilbert's death and he leaves surviving him a widow who shall wish to continue to occupy such real estate as her personal residence and shall give * * * written notice of her said wish within 120 days after his death, and such Option may be exercised thereafter any time within 90 days after she shall have ceased to so occupy it or shall have died or of the lapse of a period of 20 years after his death, whichever shall first occur; or,

"(5) The Grantees shall wish to sell and convey such real estate, and such Option may be exercised any time within 120 days after they or the survivor of them shall have given * * * written notice of said wish."

The redraft of our law covering future interests in property (Chapter 167, Acts 1960, now KRS Chapter 381) became effective June 16, 1960, before the execution of the present contract on September 8, 1960, and former Section KRS 381.220, governing restraints on alienation, was repealed at that time when the common law rule against perpetuities was adopted as KRS 381.215. The latter section provides:

"No interest in real or personal property shall be good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest. It is the purpose of this section to enact the common law rule against perpetuities, except as hereinafter modified by KRS 381.215 to 381.223."

See Prof. Dukeminier's article, "Kentucky Perpetuities Law Restated and Reformed," 49 Ky.Law Journal, Number 1, Fall 1960, beginning at page 3.

■■ We think it is apparent from an examination of the aforequoted options that any interest under them will vest not later and, in fact, will vest before the expiration of twenty-one years after the lives of Dr. Gilbert and his wife. The "unfortunate confusion" in this field, as commented upon by Judge Moremen in Robertson v. Simmons, Ky.1959, 322 S.W.2d 476, arising under former Section 381.220 governing restraints on alienation (now repealed), we believe will be avoided by new Section KRS 381.216, which substitutes actual events as the test for determining the validity of an interest rather than the metaphysical possibilities doctrine which dreamed up the "fertile octogenarian", the "unborn widow" and other possibilities as just reasons for invalidating interests in property. In applying a wait-and-see approach and cy pres to the application of the rule against perpetuities, KRS 381.216 declares in part: "* * * Any interest which would violate said rule as thus modified shall be reformed, within the limits of that rule, to approxi-

mate most closely the intention of the creator of the interest." In any event, the new standard should relieve somewhat the hesitation which has haunted both the bench and bar in dealing with the complex problems in this area of the law. Furthermore, under Option 5 the grantees are permitted to sell the property after they have given the College written notice of their desire to do so, and the College has not exercised its option to repurchase within 120 days of the notice, which is not an unreasonable direct restraint upon alienation.

The judgment is affirmed.