**In re Keith Duane DANKS and Kathleen Beulah Danks, Debtors.**

**Bankruptcy No. 89–2924–TS.**

United States Bankruptcy Court, W.D. Oklahoma.

Jan. 9, 1991.

Stephen W. Elliott, of Pringle & Pringle, Oklahoma City, Okl., for plaintiff.

Ronald A. Schaulat, Oklahoma City, Okl., for defendant.

ORDER REGARDING MICHIGAN NA-
TIONAL BANK'S REQUEST FOR
AID IN IMPLEMENTATION AND
CONSUMMATION OF CONFIRMED
PLAN

JOHN TeSELLE, Bankruptcy Judge.

### Background Facts

On January 30, 1990, this Court confirmed a plan of reorganization in this case (hereinafter the "Plan"). According to pertinent provisions of the Plan, upon confirmation certain real property, Sooner Road Mobile Home Park (hereinafter "Sooner Road"), revested in Debtors free and clear of all claims, interests, liens, and encumbrances, with the exception of liens held by Michigan National Bank (hereinafter "MNB") and First Western Federal Savings and Loan (hereinafter "FWFSL"). Once Sooner Road revested in Debtors, pursuant to Plan provisions, Debtors executed in blank a deed to Sooner Road (hereinafter the "Sooner Road Deed") and placed the deed in escrow pending the maturity date of the Plan or the occurrence of an event of default under the Plan, whichever occurred first.

Debtors subsequently defaulted on the Plan, and the Sooner Road Deed has been delivered from escrow as set forth in the Plan. However, Ernest Jenson (hereinafter "Jenson"), a pre-petition creditor, continues to claim a lien against Sooner Road, in spite of the Plan's terms providing for the revesting of Sooner Road free and clear of all liens save those of MNB and FWFSL.

This matter came before the Court on MNB's *Motion for Order in Aid of Implementation and Consummation of Confirmed Plan* (hereinafter "MNB's Motion") filed October 19, 1990. MNB contends that Jenson's actions are impairing implementation and consummation of the Plan, and that the terms of the confirmed plan are binding on Jenson. MNB asks the Court to order Jenson to perform certain acts necessary for implementation of the Plan.

Jenson responded on November 27, 1990, alleging that he has been treated throughout this case as an unsecured creditor, that neither Debtors nor MNB sought a § 506 determination of the secured status of his claim, and that his secured claim is not voided by his failure to file a proof of claim thereon. Jenson further questions whether Sooner Road actually revested in Debtors, and states that even if it did, the Plan was fully consummated upon delivery of the Sooner Road Deed to the escrow agent, thus the Court has no authority to direct him to perform any action at this time.

MNB's Motion and Jenson's response were heard on November 29, 1990. At the conclusion of the hearing, the Court took the matter under advisement and provided fifteen days for the parties to submit supplemental briefs on the issues. Those briefs have been filed and reviewed by the Court, and the matter is now ready for decision.

### Applicable Law and Discussion

#### Jurisdiction

MNB's Motion raises issues concerning (a) administration of this bankruptcy estate; (b) the validity, extent, or priority of Jenson's lien; and (c) adjustment of certain debtor-creditor relationships under the Plan. These issues constitute core proceedings which this Court has jurisdiction to hear. 28 U.S.C. § 157(b)(1) & (2)(A), (K) & (O). Further, this Court retains jurisdiction to effectuate consummation of a confirmed plan. 11 U.S.C. § 1142(b).

#### Sooner Road's Revesting

The Court has reviewed the Plan and finds that upon confirmation of the Plan, Sooner Road revested in Debtors. Plan at 8. Debtors subsequently executed the Sooner Road Deed and delivered it to the escrow agent. Because transfer of title to Sooner Road was conditioned on the occurrence of certain events, delivery of the Sooner Road Deed to the escrow agent did not effect a transfer of title to Sooner Road. *Powers v. Rude*, 14 Okl. 381, 391–92, 79 P. 89, 92–93 (1904) *overruled in part Snyder v. Stribling*, 18 Okl. 168, 202, 89 P. 222, 233 (1907); *Carlisle v. Nat'l Oil and Dev. Co.*, 108 Okl. 18, 19–21, 234 P. 629, 631–32 (1925).

**654**

### Jenson's Pre-petition Lien

 Jenson's lien claim arises out of a $160,000.00 note Debtors gave to Jenson and his wife on June 15, 1988, which note was secured by a third mortgage on Sooner Road. Debtors listed Jenson on their Schedule A–3 as an unsecured creditor with an indebtedness of $18,401.84. Jenson filed an unsecured proof of claim in that amount, attaching only the note dated June 15, 1988, an earlier $25,000.00 note, and an appendix reflecting reductions of the principal balance.

Jenson, though he now asserts he is a secured creditor, did not object to Debtors' characterization of the indebtedness owed him as unsecured. Though only one debt was due him, which Jenson now claims was a secured debt, Jenson filed a proof of claim showing his claim was unsecured. Jenson did not object to, and voted to accept the original plan proposed by Debtors, which provided for Jenson to execute a release of his lien. Debtors' original plan was subsequently amalgamated with a plan filed by MNB, resulting in the Plan which was ultimately confirmed. Jenson did not object to that amalgamated plan, which provided that Sooner Road would revest in Debtors free and clear of all liens save those of MNB and FWFSL. By his conduct, Jenson is estopped to now assert he is a secured creditor.

The facts of this case are much like those in *In re Arctic Enters.*, 68 B.R. 71 (D.Minn.1986), cited by MNB. In opposition, Jenson relies on *In re Tarnow*, 749 F.2d 464 (7th Cir.1984), which is distinguished by the *Arctic Enterprises* court. 68 B.R. at 79–80. In light of the facts of this case, *Arctic Enterprises* espouses the better reasoned view for application in this matter than does *Tarnow*. Accordingly, this Court finds that Jenson is bound by the terms of the confirmed Plan. Because the Plan does not provide for survival of Jenson's lien, such lien is extinguished.

### California Community Property Law

Jenson attempts, under California community property law, to retain his pre-petition lien rights through his wife's alleged interest in Sooner Road. Because Jenson's claim arose out of a mortgage covering property located in Oklahoma, his rights must be determined under Oklahoma law rather than California law. *Webster Drilling Co. v. Walker*, 286 F.2d 114, 117 (10th Cir.1961); *Denney v. Teel*, 688 P.2d 803, 806 (Okla.1984). Oklahoma is not a community property state, thus Jenson can derive no rights for himself through any interest his wife may claim.

### Decision

In light of the foregoing, MNB's Motion is granted insofar as it requests a determination that Jenson is bound by the terms of the confirmed Plan and his lien was extinguished thereby. This Court having determined Jenson's lien was extinguished, no further action by Jenson is needed to implement the Plan.

IT IS SO ORDERED.